George T. **SCHEIRER,** as Administrator of the Goods, Chattels, and Credits of Daniel George Scheirer, Deceased, Plaintiff,

v.

**NMU PENSION AND WELFARE PLAN, Defendant.**

**No. 82 Civ. 5544 (WCC).**

United States District Court, S.D. New York.

Jan. 9, 1984.

Martin, Van de Walle, Guarino & Donohue, Great Neck, N.Y., for plaintiff; Charles R. Van de Walle, Great Neck, N.Y., of counsel.

Proskauer, Rose, Goetz & Mendelsohn, New York City for defendant; Bettina B. Plevan, Charles H. Kaplan, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge.

Plaintiff George T. Scheirer ("Scheirer") instituted this action on behalf of the estate of his son, Daniel George Scheirer ("Daniel Scheirer"), to recover $10,025 in death benefits as a result of Daniel Scheirer's presumed death at sea. In an Opinion and Order dated September 15, 1983, familiarity with which is presumed, this Court denied, with two narrow exceptions, the parties' cross-motions for summary judgment. The case is currently before the Court on defendant's renewed motion, following additional discovery, for summary judgment on the ground that plaintiff's claims are barred by the applicable statutes of limitation. For the reasons stated below, the motion is granted.

The facts relevant to defendant's statute of limitations defense are not in dispute. From 1967 when he joined the National Maritime Union ("NMU") until his disappearance in 1978, Daniel Scheirer was an employee covered by the NMU Pension & Welfare Plan (the "Plan"). The Plan is a pension and welfare trust established by an Agreement and Declaration of Trust (the "Trust Agreement") between the NMU and various employers having collective bargaining agreements with the NMU in accordance with § 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). One of the objectives of the Plan, which is jointly administered by equal numbers of trustees designated by the employers and by the NMU, is to provide death benefits for covered employees. While the funds available to pay benefits are contributed solely by employers, the Trust Agreement gives the trustees of the Plan "full authority to determine all questions of nature, amount and duration of benefits to be paid under the Plan." (Ex. 1 to Franco Aff. at art. 4 § 1). Moreover, the Trust Agreement authorizes the trustees to determine "[t]he nature of proof and the time required and procedures for furnishing" adequate proof of entitlement to a benefit established by the trustees under the Plan. (Ex. 1 to Franco Aff. at art. 2 § 4).

Pursuant to their authority, the Trustees adopted a comprehensive set of regulations to govern the Plan. Under the regulations in effect at the time Daniel Scheirer disappeared, any action to recover benefits was

subject to a two-year-and-ninety-day limitation period.

> No action at law or in equity shall be brought to recover under these Rules and Regulations prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements established by the Trustees, nor shall such action be brought at all unless brought within two years and ninety days after the date of loss upon which the cause of action is based.

(Ex. 6 to Franco Aff. at W–41 § 5).

On March 5, 1979, Joseph H. Fruhwirth, Jr. ("Fruhwirth"), as attorney for Daniel Scheirer's estate, wrote to the Plan to inquire whether any death benefits were payable to the estate. In a letter dated April 6, 1979, the Plan responded to Fruhwirth's request, stating in part:

> Inasmuch as Mr. Scheirer failed to name a beneficiary the Death Benefit can be paid to a surviving spouse or lawful children under 21 years of age surviving. Benefits are not paid to the decedent's estate.

(Ex. A to Plevan Aff.).

Fruhwirth received this letter on April 9, 1979. Plaintiff did not institute the instant action, however, until August 20, 1982.

A. *The Claim for Benefits Under the Plan*

■ The parties do not dispute that the statute of limitations applicable to plaintiff's claim to recover benefits allegedly due under the Plan is provided by New York State law. *See* Def. Mem. at 4; Pl. Mem. at 2. Under § 213 of the New York CPLR, a six-year limitation period applies to this action unless a "shorter time is prescribed by written agreement." N.Y. Civ.Prac.Law § 201. Defendant thus argues that pursuant to § 201, plaintiff is bound by the two-year-and-ninety-day period set forth in the Plan regulations. In *Hart v. Anderson*, No. 77 Civ. 2680, slip op. (S.D.N.Y. April 24, 1981), *aff'd, Mem.*, No. 81–7404 (2d Cir. Oct. 19, 1981), Judge Lowe of this Court was faced with an identical argument in defense of a claim by the

wife of a deceased merchant marine officer for accidental death benefits under the Masters, Mates and Pilots Welfare Plan (the "M.M. & P.Plan"). The plaintiff in *Hart* filed her claim within the six-year statute of limitations provided by § 213 of the CPLR, but beyond the two-year-and-ninety-day period provided under that plan. *See id.*, slip op. at 4. In upholding the validity of the two-year-and-ninety-day limitation period, Judge Lowe found that it was not unreasonably short when compared with the six-year period provided by the CPLR, and that the notice of the shorter period contained in the plan's regulations and rules booklet was adequate. *See id.* at 24–25.

Plaintiff argues that *Hart* is distinguishable from the instant case because in *Hart* the shorter limitation period was assertedly contained in the plan's trust agreement as well as in its regulations, *see id.* at 24, whereas in the instant case the two-year-and-ninety-day period appears only in the Plan's regulations. However, defendant has provided the Court with copies of both the trust agreement and the regulations of the M.M. & P. Plan which were operative in *Hart.* (Attachments to Plevan Letter dated Jan. 3, 1984). Those documents demonstrate that in *Hart,* as in the present case, the two-year-and-ninety-day limitation period was contained only in the rules and regulations, and not in the trust agreement. Thus, *Hart* simply cannot be distinguished from the case currently before the Court.

Moreover, even if *Hart* were not controlling, I do not find persuasive plaintiff's substantive argument that the two-year-and-ninety-day period is unenforceable because it is a unilaterally mandated rather than a mutually agreed upon provision. Far from being imposed upon the members of the NMU, the two-year-and-ninety-day period is merely one aspect of a comprehensive set of regulations adopted by the trustees pursuant to the mandate of the Trust Agreement. The Trust Agreement is a written agreement between the employers and the NMU, and it specifically gives the

trustees the authority to establish a time limit for making a claim for benefits under the Plan. (Ex. 1 to Franco Aff. at art. 2 § 4). The regulations adopted by the trustees to govern the Plan under that Agreement are in writing, as is required for a shorter limitation period to be effective under § 201 of the CPLR. Moreover, the group of trustees administering the Plan is not merely representative of the interests of the employers, but is comprised of an equal number of members designated by the NMU and by the employers. Under these circumstances, the two-year-and-ninety-day time period should be given effect pursuant to § 201 of the CPLR. Absent a finding of unconscionability of this shorter period, it would be anomalous for this Court to allow plaintiff to maintain an action to recover a benefit which was created by and exists solely because of the regulations of the Plan, while at the same time to deny effect to the conditions those same regulations place upon receipt of that benefit. As Judge Lowe's opinion in *Hart* persuasively concludes, the two-year-and-ninety-day period is not unreasonable as applied to this type of action. Accordingly, plaintiff is bound by the two-year-and-ninety-day limitation period on his claim for benefits in the instant case.[1]

Plaintiff's claim for benefits allegedly due under the Plan must accordingly be dismissed. This action was instituted more than four years after Daniel Scheirer disappeared and more than three years after Fruhwirth received notice from the Plan that it could not pay benefits to the decedent's estate. Using either of these dates for the commencement of the limitation period, plaintiff's claim is untimely. Conse-quently, the claim for benefits will be dismissed.

### B. *The Breach of Fiduciary Duty Claim*

The parties are also agreed that the statute of limitations applicable to a breach of fiduciary duty claim is provided by ERISA, 29 U.S.C. § 1113(a). This section provides for a six-year limitation period running from "(A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest day on which the fiduciary could have cured the breach or violation." 29 U.S.C. § 1113(a)(1). However, where one has actual knowledge of the breach or violation, he must commence an action within three years of the date on which he obtained that knowledge. *See* 29 U.S.C. § 1113(a)(2).

The preliminary question for the Court is whether plaintiff has even alleged a claim for breach of a fiduciary duty. Plaintiff's amended complaint asserts three causes of action. Even construing the amended complaint liberally, it is clear that the first cause of action seeks only to recover death benefits allegedly due under the Plan. *See* Amended Complaint at ¶ 10. Plaintiff's second cause of action, which asserted a claim under New York State Insurance Law and sought punitive damages from defendant, was previously dismissed by the Court in its Opinion and Order dated September 15, 1983, and the third and final cause of action is merely a claim for attorney's fees. *See* Amended Complaint at ¶¶ 11–15. Thus, contrary to plaintiff's contentions, he has not alleged a claim for breach of a fiduciary duty.[2] Accordingly, the complaint must be dismissed.

SO ORDERED.

1. Plaintiff's contention that there exist issues of fact surrounding the fairness of defendant's method of notifying employees of changes in the Plan's regulations is irrelevant to the statute of limitations defense. Those issues of fact would determine the underlying substantive question whether the decedent was adequately notified of the change that required him to designate a beneficiary in order to receive death benefits. However, the factual issues underlying the merits of plaintiff's claim are relevant only if this action is timely.

2. Even assuming the complaint could somehow be construed to assert a claim for breach of a fiduciary duty, defendant's motion for summary judgment would still succeed. First, I note that plaintiff has sued only the Plan and not its trustees, who could conceivably owe a fiduciary duty. However, even if plaintiff could correct that deficiency, I agree with defendant that the letter received by Fruhwirth on April 9, 1979 gave plaintiff ample notice that the Plan would refuse to pay the estate death benefits because Daniel Scheirer had failed to designate a benefi-

ciary in accordance with the Plan's regulations. Thus, if the Plan's refusal to pay in accordance with its regulations was the basis for the breach of fiduciary duty claim, I would feel constrained to rule that the three-year limitation period of § 1113(a)(2) applies and that plaintiff's action is therefore time-barred. Although plaintiff contends that the breach of fiduciary duty concerns defendant's failure adequately to inform Daniel Scheirer that changes in the Plan's regulations would cause him to forfeit his death benefits unless he filed a designation of beneficiary, plaintiff in his amended complaint has simply not alleged any facts to support such an interpretation.