## (July 19, 1984)

■ In the Matter of LYCOURGOS PAPADAKIS, Respondent-Appellant, v STANLEY BREZENOFF, Individually and as President of the New York City Health and Hospitals Corporation, Appellant-Respondent. — Judgment, Supreme Court, New York County (Eugene R. Wolin, J.), entered May 10, 1983, vacating that portion of the determination of respondent president of the New York City Health and Hospitals Corporation (President) which terminated the employment of petitioner (Dr. Papadakis) as chief of pathology at Greenpoint Hospital (Greenpoint), and remanded the proceeding for further consideration solely as to the penalty to be imposed, unanimously modified, on the law, to reinstate the penalty and to dismiss the petition in its entirety, without costs. ¶ Dr. Papadakis was employed as the chief of pathology at Greenpoint pursuant to an affiliation agreement between the New York City Health and Hospitals Corporation (HHC) and the Jewish Hospital & Medical Center of Brooklyn (JHMCB), a private voluntary hospital which agreed through its Greenpoint Hospital affiliate to provide physicians and other medical staff to Greenpoint, a municipal hospital operated by HHC, until Greenpoint's closing in the fall of 1982. Dr. Papadakis, a pathologist who was employed by JHMCB, was assigned to Greenpoint as chief of pathology. ¶ As found by Special Term, there was substantial evidence to support the conclusions of the hearing officer and the President that while so employed on a full-time basis, Dr. Papadakis engaged in outside practice at the Greenpoint laboratory, and that he utilized

subordinates and hospital resources and supplies to assist him in that work which included the taking of smear specimens of his private patients and disposal of the slides without proper logging and recordation, contrary to the Health Code. Disposal of the slides was a distinct disservice to women whose illness might progress and whose treatment might be interfered with because of the absence of the specimen slides and records thereof. Such misconduct while he was chief of pathology also undoubtedly affected the work of those under his supervision, particularly those he required to assist him in his own outside practice. ¶ Special Term also properly found that the hearings held respecting the charges against Dr. Papadakis, after the decisions by the Federal courts finding the need for such a hearing, afforded Dr. Papadakis all of the due process to which he was entitled (*Matter of Hecht v Monaghan*, 307 NY 461; *Matter of Simpson v Wolansky*, 38 NY2d 391). ¶ The hearing officer recommended termination of Dr. Papadakis' employment as chief of pathology at Greenpoint. The President of the HHC agreed and so directed. ¶ Special Term ruled that the penalty of removing petitioner as chief of pathology at Greenpoint was not supported by the record and was so disproportionate to the offenses found as to require a determination that it was imposed arbitrarily and capriciously. Special Term directed a remand for further consideration of the penalty. ¶ We disagree. An administrative determination, including the penalty to be imposed, must have a rational basis supported by substantial evidence. The penalty will be upheld if it is not disproportionate to the offense or shocking to the sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222). The misconduct of petitioner was such as to warrant dismissal. His removal from Greenpoint was not an excessive penalty. Public agencies are afforded broad discretion in matters of internal discipline (*Matter of Pell v Board of Educ., supra; Matter of Ansbro v McGuire*, 49 NY2d 872; *Schaubman v Blum*, 49 NY2d 375; *Matter of Purdy v Kreisberg*, 47 NY2d 354). ¶ Special Term should not have substituted its judgment as to the penalty for that of HHC and should not have vacated the penalty imposed. Concur — Murphy, P. J., Sandler, Carro, Fein and Alexander, JJ.