■ In the Matter of TALISHA SIMMONS, Appellant, v EMANUEL P. POPOLIZIO, as Chairman of the New York City Housing Authority, et al., Respondents.—Judgment, Supreme Court,

New York County (Jacqueline W. Silbermann, J.), entered on or about August 25, 1988, dismissing the petition as untimely pursuant to CPLR 217, unanimously affirmed, without costs or disbursements.

Petitioner moved into her grandmother's apartment in a New York City Housing Authority project to care for her. After her grandmother's death, petitioner sought remaining family member status. The application was initially denied, and a grievance hearing scheduled. After several adjournments petitioner failed to appear for a hearing and a default was entered. The Housing Authority's decision, dated January 21, 1987, the receipt of which petitioner does not contest, denied petitioner's grievance on the basis of her default and failure to pay use and occupancy. Petitioner sought, 17 months later, to vacate the default. The Hearing Officer denied her request. Within four months of this denial petitioner brought a CPLR article 78 proceeding, which was dismissed as untimely. This appeal followed.

Petitioner argues that the court improperly computed the Statute of Limitations from the date of the issuance of the original determination rather than from the date of the denial of her request to vacate the default. She also contends that even if the Statute of Limitations has expired, this court can review the agency's decision since it was unconstitutional, and violated the agency's own rules and regulations. Moreover, she asserts, the Hearing Officer's denial of her request to vacate the default was arbitrary and capricious. After review of the record, we find petitioner's claims to be without merit.

CPLR 217 provides that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". Here, petitioner commenced her article 78 proceeding 17 months after the Housing Authority's final determination was mailed to her; it is well established that an application to reconsider an administrative determination does not extend the four-month Statute of Limitations. (Matter of Johnson v Christian, 114 AD2d 321, 322.)

We find no record support for the claim that the Housing Authority violated petitioner's constitutional rights. Petitioner was afforded a hearing and the opportunity to argue her application. (See, Escalera v New York City Hous. Auth., 425 F2d 853, cert denied 400 US 853.) The record also demonstrates that the Hearing Officer's determination not to vacate the default was rationally based. (See, Matter of Papadakis v

*Brezenoff,* 103 AD2d 704, 705, *affd* 64 NY2d 878.) Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.