Bruce OSBORNE, Plaintiff,

v.

NEW YORK STATE TEAMSTERS CON-FERENCE PENSION AND RETIRE-MENT FUND, Defendant.

No. 90–CV–1339.

United States District Court, N.D. New York.

May 28, 1992.

Ramsey G. Ludington, Fulton, N.Y., for plaintiff.

Peter P. Paravati, Utica (Vincent M. De-Bella, of counsel), for defendant.

### MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

On February 21, 1992, this court entered an order denying defendant New York State Teamsters Conference Pension and Retirement Fund's ("Fund") motion for summary judgment. *Osborne v. New York State Teamsters Conf. Pension and Retirement Fund,* 783 F.Supp. 739 (N.D.N.Y.

1992) (McCurn, C.J.). Defendant now moves for reconsideration of that order.

For the reasons set forth below, defendant's motion for reconsideration is granted, the February 21, 1992 order denying summary judgment is vacated, and defendant's motion for summary judgment is granted. Defendant's motion is granted, however, with a comment concerning defense counsel's practice in this court.

## I. BACKGROUND

A complete recitation of the facts giving rise to this litigation is set forth in the February 21 decision denying summary judgment. *See generally Osborne*, 783 F.Supp. 739. In sum, from 1956 through 1971, plaintiff Bruce Osborne's employers contributed funds to the defendant Fund on plaintiff's behalf. The Fund was created and operated pursuant to an agreement between participating employers and numerous local unions, including plaintiff's union. Plaintiff attests that in April, 1983, when he was 55 years old, he orally applied to the Fund to receive early pension benefits. His purported requests for benefits went unfulfilled for four years, until he finally received his first payment in April, 1987. The Fund asserts that plaintiff was not eligible for funds before April, 1987 because he did not properly apply for benefits until that date. More specifically, according to the Fund plaintiff was not entitled to benefits because he did not submit a *written* application as required by the pension plan. Since April, 1987, however, plaintiff has been receiving monthly pension benefits from the defendant Fund.

Plaintiff brought this suit against the Fund in 1990, alleging that the Fund improperly deprived him of $6,000.00 in pension benefits between 1983 and 1987. The Fund subsequently moved for summary judgment, stating three bases for relief. *Osborne*, 783 F.Supp. at 741. The court found the existence of genuine issues of material fact as to all three arguments and therefore denied defendant's motion. Most notably, the court found a genuine factual issue as to whether the plan specifically required plaintiff to submit written as op-

posed to oral application for funds. The court wrote:

Plaintiff has presented a genuine issue of material fact as to the interpretation of the Plan, thus defeating defendant's motion for summary judgment in this respect. Specifically, plaintiff avers that he verbally applied for pension benefits in 1983. Verbal application for benefits, contends the plaintiff, is sufficient "application" under the Plan to justify payment of benefits. After all, nowhere does the Plan state that application for benefits must be "in writing." Moreover, plaintiff's assertion that he verbally applied for pension payments is somewhat corroborated by the sixteen letters, written by both plaintiff and Local officials to the defendant between 1983 and 1987, concerning plaintiff's request for benefits. *See* Osborne Aff. exh. "A" through "P". Plaintiff has thus raised a factual issue as to (1) whether verbal application for pension benefits is sufficient under the Plan, and (2) whether plaintiff indeed verbally applied for benefits.

*Id.* at 742.

Defendant seeks reconsideration of this aspect of the decision.

## II. DISCUSSION

Defendant moves for reconsideration on grounds that the Fund plan specifically requires that applications for funds be placed in writing. Since plaintiff produced no evidence showing that he applied for funds in writing, argues the defense, he cannot prevail as a matter of law and summary judgment should have been granted.

In its original motion for summary judgment defendant was unable to cite a provision of the plan that required written application for benefits. When directly questioned at oral argument about the existence of a writing requirement, defense counsel directed the court only to Section V on page 30 of the plan, a provision which does *not* contain a writing requirement. *Osborne*, 783 F.Supp. at 741 n. 1 (quoting

Section V); *see* Transcript (1/28/92) at 3.[1] Any claim by the defense that Section V requires that applications be submitted in writing is belied by the text of Section V itself, which is unequivocally silent as to a writing requirement. Significantly, in support of its motion for summary judgment, the defense presented no other portion of the 51–page plan document that mandated written application for funds.[2] The court therefore ruled that there exists a genuine factual dispute as to whether the application must be in writing and consequently denied defendant's motion for summary judgment.

In its motion for reconsideration, the defendant for the first time cites a provision of the plan which requires written application for funds. Counsel refers to Section IV paragraph D of the plan document, which states in pertinent part:

> A participant eligible for retirement benefits ... shall be retired by the Board of Trustees on the first day of the calendar month next following receipt by the Board of Trustees *of his written application therefor.*

Plan Document at 20 (emphasis added).

This provision changes the analysis upon which the court must rely in reviewing defendant's summary judgment motion. The term emphasized in the quoted text instructs that fund applications should be submitted in writing. In light of this provision, there is no longer a factual dispute as to whether plaintiff's oral application for funds was adequate: it was not. Even accepting plaintiff's statement that he orally applied for benefits, as a matter of law he was not entitled to receive them until he submitted a written application. Since plaintiff has proffered no credible evidence indicating that he filed written application for funds before 1987, he is not entitled to pre–1987 benefits. Accordingly, defendant is entitled to summary judgment.

Before ending this discussion, however, the court is compelled to note that defense counsel's submissions in support of this motion for reconsideration tread dangerously close to drawing sanctions pursuant to Fed.R.Civ.P. 11. In particular, counsel states in his papers that the court's decision denying summary judgment was based upon issues which defendant did not have a proper opportunity to address and that the court was in "clear error" in denying the motion. *See, e.g.,* Def.Mem. at 10. These statements are patently false; based upon the arguments that counsel presented to the court, the ruling denying summary judgment was absolutely correct.

It is difficult to fathom how counsel can assert that he did not have a fair opportunity to address the "written application" issue when *he* raised the issue in the first place, through defendant's motion for summary judgment. A review of the motion papers and transcript from oral argument shows that counsel vigorously—and erroneously—argued that Section V of the plan contains a written application requirement. In fact, at oral argument the court directly inquired into whether any passage of the plan expressly required written application

---

1. The only pertinent exchange between the court and counsel at oral argument transpired as follows:

   THE COURT: But the plan itself doesn't call for [the application] to be in writing.
   [DEFENSE COUNSEL]: Yes it does, your Honor. If you take a look at Section V on page 30 of the plan, your Honor, which we've previously submitted to the court, it specifically states here: Except as otherwise provided herein, all pensions, including disability award pension, shall be payable for life on the first day of each month commencing on the month following receipt of an application for the pension by the board of trustees including the—
   Transcript at 3. As discussed in the February 21 decision, the language cited by defendant is simply devoid of any requirement that application for benefits be submitted in writing.

2. To that end, the court rejected defendant's reliance upon the plan summary as imposing a writing requirement because the plan document itself, not its summary, controls the terms of the plan. *Osborne,* 783 F.Supp. at 742–43. In this argument for reconsideration, defendant persists in arguing that the plan summary carries an applicable writing requirement. Since the defense has given absolutely no reason for the court to reconsider this aspect, the ruling that the plan document prevails over the plan summary stands.

for funds (see *supra* n. 1), yet counsel failed to cite to any provision that so required. Despite all of these opportunities, counsel never cited a provision of the plan that expressly requires that fund applications be submitted in writing. Counsel had ample opportunity to cite the dispositive passage upon which he now relies (Section IV paragraph D, quoted *supra*) yet failed to do so.

Based upon the arguments submitted by counsel at the time, the court was not in error when it denied defendant's motion for summary judgment. For counsel to now suggest that he was deprived of an opportunity to thoroughly argue the writing requirement issue is ludicrous because it is directly contrary to the record in this case. If anything, counsel should be grateful that this court saw fit to grant leave for reconsideration; otherwise, he may never have escaped from the hole into which he dug himself by failing to cite Section IV during the original argument. At any rate, in the future, before counsel seeks reconsideration due to a court's purported error, he would be wise to look carefully into the mirror—if not the record—to accurately assess where the blame properly falls.

### III. CONCLUSION

Defendant's motion for reconsideration is granted. The court's February 21, 1992 order denying summary judgment is vacated and defendant's motion for summary judgment is granted.

IT IS SO ORDERED.