Emma **PATTERSON–PRIORI**, Plaintiff,

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA and Westin Hotel Company, Defendants.**

No. 93–CV–3140.

United States District Court, E.D. New York.

March 30, 1994.

Max D. Leifer, Astoria, NY, for plaintiff.

Evan L. Gordon, New York City, for defendants Unum Life Ins. Co. of America.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is a motion by defendant Unum Life Insurance Company of America ("Unum") for summary judgment pursuant to Federal Rule of Civil Procedure 56 dismissing plaintiff Emma Patterson–Priori's complaint which seeks declaratory and monetary relief stemming from Unum's denial of disability benefits. Unum argues that plaintiff's cause of action is time-barred and hence the complaint must be dismissed. For the following reasons, defendant's motion is granted.

## FACTS

Plaintiff was an employee of the Westin Hotel Company and as such was a covered employee under a long-term disability policy issued by Unum to plaintiff's employer (the

"Plan"). Def.'s 3(g) Statement, ¶ 2.[1] The Plan states in relevant part that "[a] claimant or the claimant's authorized representative cannot start any legal action . . . more than 3 years after the time [a] proof of claim is required." A proof of claim is required no later than 90 days after the end of the "elimination period" which is a period of consecutive days of total disability for which no benefit is payable. The Plan also provides that if it is not possible to give a proof of claim within that time limit it must be given as soon as "reasonably possible." Def.'s 3(g) Statement, Ex. A.

On or about October 6, 1986, plaintiff filed a claim for disability benefits stemming from pain in her left leg and back and claimed a date of disability of April 8, 1986. Def.'s 3(g) Statement, ¶ 3 and Ex. B. Unum paid benefits on this claim and then ceased paying those benefits on August 19, 1989. In a letter dated August 28, 1989, Unum notified plaintiff of the termination of her benefits and advised plaintiff of her right to appeal. Def.'s 3(g) Statement, ¶ 4 and Ex. C. Plaintiff timely appealed this determination to Unum on or about September 22, 1989 (Def.'s 3(g) Statement, Ex. D), and in a letter dated December 1, 1989, defendant upheld its denial of benefits. Def.'s 3(g) Statement, ¶ 5 and Ex. E. In this letter Unum stated that it "would be glad to review any additional medical information that you wish to submit, but based upon current information, we must uphold the denial of this claim."

More than three years later, in January or February of 1993, plaintiff personally contacted Unum and requested that it reconsider its December 1, 1989 denial based on the fact that the Social Security Administration had approved her claim for disability benefits. Unum wrote to plaintiff's attorney on February 16, 1993, and reported that it was not in possession of any such information, but that "if you are in receipt of any information or documentation that you would like to submit on behalf of your client, pleased do

so . . . ." Def.'s 3(g) Statement, Ex. F. Therefore, plaintiff's attorney wrote to Unum on March 31, 1993, and included with his letter an April 22, 1992 letter which he had sent to Unum and which had attached to it the Social Security Administration's Award Certificate.[2] He requested, on behalf of plaintiff, that Unum review its December 1, 1989 denial of benefits. In a letter dated April 22, 1993, Unum acknowledged plaintiff's request, noted that a denial had been made previously, but stated that it "will review this new information within the next 60 days to determine if this will change our original decision."

However, several weeks later, in a letter dated May 19, 1993, Unum stated that it would not reconsider its December 1, 1989 denial of benefits—even though it acknowledged that it had invited further documentation in its February 16, 1993 letter—because of "the length of time that has transpired since we upheld our denial of [plaintiff's] claim[.]" Def.'s 3(g) Statement, Ex. F. Furthermore, because of the Social Security Administration's favorable decision on plaintiff's claim of disability, Unum determined that it had overpaid plaintiff for the period of September 1, 1988 to August 19, 1989, and requested that she reimburse Unum in the amount of $8,166.40.

Plaintiff commenced this action approximately two months later, on July 15, 1993, and seeks (i) a declaration that plaintiff is entitled to long term disability income; (ii) full benefits payable from March 1989 to the present and continuing to the date of reinstatement of benefits; and (iii) an order requiring Unum to reinstate plaintiff as a beneficiary of long term disability insurance. Complaint, "Wherefore" clause. In the complaint plaintiff states that in or about March 1989, Unum denied plaintiff's claim for continued benefits and that "upon review requested by plaintiff, defendants affirmed their denial and has not received benefits since that date." Complaint, ¶¶ 6, 7.

---

1. Westin Hotel Company is a named defendant in this action but it is not a party to the motion.

2. The decision of the Administrative Law Judge, dated June 24, 1991, on page three, states that "[t]he claimant met the disability insured status requirements of the Act on April 7, 1986, the date the claimant stated she became unable to work, and continues to meet them through December 31, 1991."

## DISCUSSION

### Statute of Limitations

#### A. The Proper Period

■ In *Miles v. New York State Teamsters Conference*, 698 F.2d 593 (2d Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983), the Second Circuit noted that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), does not prescribe a statute of limitations period for actions under 29 U.S.C. § 1132, the section of ERISA pursuant to which plaintiff has brought her cause of action. The court therefore held that New York's six-year statute of limitations for contract actions, N.Y.Civ.Prac.L. & R. § 213 (McKinney 1990), is most analogous to Section 1132 actions and hence should control. *Id.* at 598. *See also Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge, B.P.O.E., No. 1450*, 827 F.2d 1324, 1328 (9th Cir.1987) ("29 U.S.C. § 1132, does not contain a statute of limitations. We therefore must choose the limitations period from a statute governing analogous claims.").[3]

It should be noted, however, that 29 U.S.C. § 1113 provides in relevant part that,

No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

■ The court in *Miles* did not discuss the applicability of Section 1113. Other courts have concluded that Section 1113 is not applicable to actions commenced pursuant to Section 1132 because Section 1132 is not within the "part" referenced in Section 1113. *Nolan v. Aetna Life Ins. Co.*, 588 F.Supp. 1375, 1378 (E.D.Mich.1984). However, at least one court in this Circuit has criticized the reasoning that an analogous state statute of limitations for breach of contract should control in an action to recover monthly pension benefits allegedly owed to a plaintiff. In *Osborne v. New York State Teamsters Fund*, 783 F.Supp. 739, 745–47 (N.D.N.Y.); *reconsideration granted, vacated on other grounds*, 792 F.Supp. 177 (N.D.N.Y.1992), the court criticized *Miles* because "[t]he fact of the matter is that ERISA *does* prescribe a limitations period for certain, limited actions brought under § 1132 [*i.e.*, breach of fiduciary duty by a plan administrator]." *Id.* at 746 (emphasis in original). In *Miles,* the defendant had refused to pay funds as allegedly required by the plan and, although Section 1113 had been enacted eight years earlier, the Court of Appeals did not employ that section's time limitation. Therefore, the court in *Osborne* was forced to conclude that the limitations period set forth in *Miles* governs actions brought to recover benefits allegedly owed under a plan irrespective of Section 1113. In this case as well, plaintiff is seeking benefits allegedly wrongfully withheld by a plan's fiduciary and therefore Section 1113 is not applicable and the holding in *Miles* that a court must look to the state's most analogous statute of limitations is controlling.

The contract at issue in this action states that "[t]his policy is delivered in and governed by the laws of [Washington]." Def.'s 3(g) Statement, Ex. A at 1. Section 4.16.040 of Washington's Revised Code provides that an action upon a contract in writing shall be

---

**3.** However, in a later case brought by a beneficiary to recover benefits allegedly due him, the Ninth Circuit held that Section 1113 of ERISA was the proper period of limitation. *Meagher v.* *IAM Pension Plan*, 856 F.2d 1418 (9th Cir.1988), *cert. denied*, 490 U.S. 1039, 109 S.Ct. 1943, 104 L.Ed.2d 414 (1989).

commenced within six years. Wash.Rev. Code Ann. § 4.16.040(1) (West 1993). In *Pierce*, 827 F.2d at 1328, the Ninth Circuit held that in a trusts' collection action under ERISA against an employer, Section 4.16.040 is applicable because that is Washington's most analogous statute of limitations. *But see Meagher*, 856 F.2d at 1422 (claim brought pursuant to Section 1132(a)(1)(B) is governed by Section 1113's period of limitations).[4]

In this case, however, the Plan specifically provides for a shorter statute of limitations: "[a] claimant or the claimant's authorized representative cannot start any legal action ... more than 3 years after the time [a] proof of claim is required." This shorter statute of limitations appears to be specifically mandated by Section 48.20.142 of Washington's Revised Code which provides that there shall be the following provision in disability insurance contracts:

> No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.

Wash.Rev.Code Ann. § 48.20.142 (West 1993).[5]

Plaintiff concedes that a contract for disability benefits may provide for a shorter statute of limitations, Pl.'s Mem. at 1, but argues that the provision here only applies when a beneficiary applies for benefits and is refused and that it is not applicable in this case where a beneficiary is initially awarded

benefits but then has those benefits terminated sometime thereafter. Affidavit of Max D. Leifer, February 24, 1994 at 2–3 ("[T]his provision was intended to apply to the situation where a party initially applied for benefits and was denied same."). Plaintiff's interpretation of this contract provision is not persuasive. The purpose of the provision was to eliminate from consideration any other statute of limitations which would control actions to recover benefits alleged to be wrongly withheld by Unum. If the provision only applied to the limited case of an initial denial of benefits, there would be little benefit to be gained by including this provision in the first place. Because the purpose of the provision is to require plaintiffs to sue for recovery of benefits within a three-year time period, the provision necessarily applies to all actions to recover benefits, whether it is an action brought after an initial denial of benefits or whether it is an action brought after benefits have been terminated. In either case, Unum has contracted for the right to expect that it will be sued within three years after a plaintiff learns that benefits will not be forthcoming. In assessing the applicability of a shorter statute of limitations in an action to recover benefits, the court in *Scheirer v. NMU Pension and Welfare Plan*, 585 F.Supp. 76 (S.D.N.Y.1984), correctly noted that,

> Absent a finding of unconscionability of this shorter period, it would be anomalous for this Court to allow plaintiff to maintain an action to recover a benefit which was created by and exists solely because of the regulations of the Plan, while at the same time to deny effect to the conditions those same regulations place upon receipt of that benefit.

4. This conflict in the Ninth Circuit was noted by the court in *Poole v. Seattle–First Nat'l Bank,* 741 F.Supp. 837, 842–43 (E.D.Wash.1990) ("The state of the law in the Ninth Circuit is not entirely clear.... [But] [i]n the present case, the court need not decide which statute applies because the plaintiff's complaint is timely in either instance.") (discussing *Pierce* and *Meagher*).

5. In a related context, Section 201 of New York's Civil Practice Law and Rules allows contracting parties to shorten a statutory period of limitations if that period is contained in a written

agreement between the parties. At least two courts in this Circuit have held that a two-year and ninety-day period in which to bring an action to recover benefits under a plan governed by ERISA is not unreasonable and preempts the state's six-year statute of limitations for contract actions. *Scheirer v. NMU Pension and Welfare Plan,* 585 F.Supp. 76 (S.D.N.Y.1984) and *Hart v. Anderson,* No. 77 Civ. 2680, slip op. (S.D.N.Y. April 24, 1981), *aff'd mem.,* 671 F.2d 492 (2d Cir.1981) (reported in *Scheirer,* 585 F.Supp. at 78).

*Id.* at 79.[6] This observation applies with equal force to the statute of limitations contained in this Plan as well. The proper period of limitations in this action, therefore, is three years.

### B. *The Moment of Accrual*

 The Second Circuit in *Miles* also announced the rule that the moment of accrual in a Section 1132 action is "when there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiaries." *Miles*, 698 F.2d at 598 (internal quotations omitted) (emphasis in original). "Uniformly, courts recognize that an ERISA cause of action accrues when an application for benefits is denied." *Dameron v. Sinai Hosp. of Baltimore, Inc.*, 595 F.Supp. 1404, 1413 (D.Md.1984) (citing *Jenkins v. Local 705*, 713 F.2d 247, 254 (7th Cir.1983), *aff'd in part and rev'd on other grounds*, 815 F.2d 975 (4th Cir.1987).

In this action, it is undisputed that on December 1, 1989, Unum clearly repudiated plaintiff's application for benefits following plaintiff's timely appeal of Unum's August 28, 1989 initial termination of benefits. It is also undisputed, however, that Unum invited plaintiff to submit more documentation when it denied her appeal in December of 1989 and that it informed plaintiff that it would re-examine its December 1989 determination based on those materials in its April 22, 1993 letter.[7] The issue, therefore, is whether the August or the December 1989 repudiation was in fact the date upon which plaintiff's benefits were denied, thus triggering the statute of limitations, or whether the proper accrual date is May 19, 1993, when Unum again informed plaintiff that its December 1, 1989 denial would remain.

---

6. In *Scheirer* the contractual period of limitations stated that "... nor shall such action be brought at all unless brought within two years and ninety days after the date of loss upon which the cause of action is based." *Id.* at 78.

7. Marie R. Lamson, a Senior Benefit Analyst at Unum, states in an affidavit dated February 25, 1994, in Paragraph 3, that "[o]n April 22, 1993, when additional information was received by UNUM on behalf of Patterson–Priori, a form letter was generated." Ms. Lamson then states that "[b]y generating the form letter and review-

The facts and analysis in *Dameron* offer guidance. In *Dameron*, the plaintiff was informed on June 13, 1980, that the defendant would adhere to its initial determination that no additional benefits were owed to her and hence the defendant argued that the statute of limitations began to run on that date. However, as with this action, the plaintiff pointed to events which transpired after that date which, she argued, constituted a reopening of her case. Specifically, it was "undisputed that in March, 1981, the defendants reconsidered and recalculated [plaintiff's] benefits based on new information regarding her birthdate." *Id.* at 1414. The plaintiff argued, therefore, that the June 13, 1980 date was not the date of accrual because the defendant's administrative determinations had not yet been completed. "In essence, [plaintiff] argues that it was not until the administrative process had run its full course that a cause of action arose under ERISA for statute of limitations purposes." *Id.*

The court rejected the plaintiff's argument and held that the June 13, 1980 date was, in fact, the accrual date for commencing an ERISA action and that the plaintiff's action was time-barred. The court noted the tension between the requirement that the plaintiff must exhaust her administrative remedies before commencing an ERISA action and the policy which favors the finality of a statute of limitations. In balancing these two policies, the court observed that,

> Some balance must be struck to effectuate the policies underlying exhaustion and statutes of limitations. Allowing a reasonable period of time to pursue one's claim through administrative channels insures to all the benefit of internal administrative dispute resolution. Still a tenacious plaintiff should not be allowed to renew

---

ing Patterson–Priori's claim file, I did not, nor did I intend to, waive any provisions of Policy No. 307474, and in particular, any Notice and Proof of Claim or Legal Proceedings provisions of such policy." *Id.*, ¶ 5. Ms. Lamson's intentions notwithstanding, it is clear that these letters invited plaintiff to submit more documents in furtherance of her request that her application for benefits be re-reviewed. The fact that it is a "form letter" is irrelevant. The significance of this invitation, however, is discussed in greater detail below.

*stale claims merely by requesting reconsideration of "final" decisions....* "If a Court were to rule that an applicant's cause of action is renewed each time a pension fund informally re-examines his pension request, pension funds would simply refrain from doing so.".

*Id.* (quoting *Morgan v. Laborers Pension Trust Fund,* 433 F.Supp. 518, 525 (N.D.Cal. 1977)) (emphasis added). In *Dameron,* the defendant accepted the plaintiff's documentation which corrected her birthdate and therefore re-calculated benefits which were owing. The court in *Dameron* stated that,

> It is clear, in the case at bar, that the defendants did not formally reopen [plaintiff's] case on the issue of estimated Social Security benefits. They merely inserted her correct birthdate into the formula used to calculate benefits.

*Id.* at 1415.

In this case, as in *Dameron,* Unum was not formally re-examining plaintiff's application for disability benefits. Akin to the actions of the defendant in *Dameron,* Unum simply allowed plaintiff to submit new documentation which, it should be noted, it was under no obligation to do three years following the initial denial of benefits. Although Unum invited plaintiff to submit new documentation and agreed that it would reconsider its December 1, 1989 determination if the documentation so warranted, this is not a formal re-opening of plaintiff's case which would toll the contract's three-year statute of limitations. If Unum's actions were interpreted as formally re-opening plaintiff's claim process without any affirmative acknowledgment by Unum that such was its intention, one would be left with the curious result that although the contract contains a statute of limitations there is, in effect, *no* statute of limitations at all. This is because Unum's December 1, 1989 denial letter invited plaintiff to submit more documentation but placed no time limit on when such documentation must be received. If an invitation of that nature is a formal re-opening of the claim

process, then plaintiff was never denied benefits for statute of limitations purposes because she was given an unlimited time in which to submit further documentation in support of her claim. As the discussion above demonstrates, however, the very purpose of including a statute of limitations in a contract between parties is to avoid that very result.

The court's conclusion that Unum did not formally re-open plaintiff's claim process for statute of limitations purposes is buttressed by the holding in *Miles* where the court made clear that the statute of limitations begins to run "when there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiaries." *Miles,* 698 F.2d at 598 (internal quotations omitted) (emphasis in original). In this case, Unum's repudiation was clear and made known to plaintiff on both August 28, 1989 (the first denial of benefits) and December 1, 1989 (the denial of plaintiff's appeal), irrespective of the company's invitation to submit more documentation. Also instructive is the holding in *Larsen v. NMU Pension Trust,* 902 F.2d 1069 (2d Cir.1990). In *Larsen,* the plaintiff received a letter on December 6, 1985, informing her that "[a]ll monies have been paid that are payable and there are no further monies due the [plaintiff]." *Id.* at 1071. Six months later the plaintiff's counsel sent the defendant a letter identified as an "[a]ppeal from denial of survivor's benefits." *Id.* The defendant responded one month later on July 25, 1986, stating that "absent any new facts and on the basis of the existing record, there is simply no basis on which the Plan can now pay survivor's pension benefits to your client." *Id.* The plaintiff commenced her action to recover benefits three months after this second denial and the Court of Appeals upheld the district court's order refusing to dismiss the plaintiff's claims as barred under the applicable statute of limitations.[8] In holding that the plaintiff's cause of action was not time-barred, the Court of Appeals wrote as follows:

---

**8.** The defendant argued that the statute of limitations had begun to run on either September 21, 1977, when the plaintiff's husband applied for a pension, or on August 27, 1980, when the plain-

tiff was informed that she was entitled to 26 payments of pension benefits with the final payment due September 1, 1982. *Id.* at 1073.

The earliest time at which such a repudiation [of benefits] can be said to have occurred was December 6, 1985, the date of the letter from the supervisor of the Plan's pension department that, in response to an inquiry made on [plaintiff's] behalf, detailed the Plan's position and stated: "All monies have been paid that are payable and there are no further monies due the [plaintiff]." After a further exchange of correspondence between [plaintiff] and the Plan, the instant action was commenced on October 24, 1986. Since this was well within the six-year limitations period adopted by *Miles*, the district court properly declined to dismiss the action as barred by the statute of limitations.

*Id.* at 1074. It is instructive to note that the Court of Appeals did not point to the July 25, 1986 denial of the plaintiff's appeal as the point at which the statute of limitations began to run. In this case as well, defendant denied plaintiff benefits at the initial level, on appeal, and, three years later, on plaintiff's request for reconsideration. Given that the court in *Larsen* did not cite the denial of the appeal as the point at which the statute of limitations began to run, Unum's concession of an accrual date of December 1, 1989, may have been overly generous. If, as in *Larsen*, the denial of the appeal was not the "earliest time at which such a repudiation can be said to have occurred," then it is equally true that a denial of reconsideration following an appeal is also not the time at which the repudiation can be said to have occurred. Defendant argues that "[t]he fact that subsequent correspondence [after the December 1, 1989 denial] ensued at plaintiff's instance does not change the controlling authority [regarding when the statute of limitations began to run]...." Def.'s Mem. at 3. In light of *Miles* and *Larsen*, this is correct and hence plaintiff's action is time-barred.

Plaintiff argues, however, that the issue of accrual is a disputed issue of fact which should be left to a jury thus defeating defendant's motion for summary judgment. However, given the unambiguous statement in

defendant's August 28, 1989 initial termination of benefits, and the observation made in *Larsen*, this court finds as a matter of law that the point of accrual was August 28, 1989, when defendant clearly repudiated plaintiff's right to benefits. *Cf. Dameron*, 595 F.Supp. at 1415 (court concludes without the benefit of a jury that defendant did not formally reopen plaintiff's case and that the statute of limitations accrued when the plaintiff was told that no benefits would be payable to her).[9]

In connection with the determination of whether plaintiff's cause of action is time-barred, it is useful to note that in the context of civil litigation the law also creates a point after which a request for reconsideration will not be allowed. Federal Rule of Civil Procedure 59(e) and Local Rule 3(j) mandate that any motion for reconsideration of a trial court's decision must be made within ten days after the entry of the judgment, and within ten days after the docketing of the court's determination of the original motion, respectively. The need to create a time after which a request for reconsideration will not be allowed is obvious: It establishes finality without which the system could not function because litigants, like this plaintiff who discovered that a mistake had been made, would be forever returning to court to re-argue the merits of the original determination. It is therefore not surprising that even when a motion for reconsideration is timely filed, the standards in granting reconsideration are strict. *Ruiz v. Comm'r of the Dep't of Transp. of the City of New York*, 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd*, 858 F.2d 898 (2d Cir.1988). As one court noted,

> The proponent of such a motion [for reargument] is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule 3(j) to advance new facts and theories in response to the court's rulings. The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and

9. Even accepting defendant's concession that the point of accrual was December 1, 1989, plaintiff's action would still be time-barred because her action was not commenced until July 15, 1993, more than three years after December 1, 1989.

then plugging the gaps of a lost motion with additional matters."

*McMahan & Co. v. Donaldson, Lufkin & Jenrette,* 727 F.Supp. 833, 833 (S.D.N.Y. 1989). This reasoning applies with equal force to the situation in which plaintiff has found herself; namely, discovering sometime after the initial determination that new matters (*e.g.,* the Administrative Law Judge's decision) have come to light. It would undermine the policy of finality upon which the doctrine of the statute of limitations is based to allow a claimant to re-petition the plan administrator every time new matters have been uncovered which impact upon the decision of whether to award benefits. Moreover, if the statute of limitations is tolled each time a participant or beneficiary submits new documentation in support of his or her request for reconsideration, plan administrators will simply refuse to review those materials and that would not be in the best interest of either claimants or administrators.

## CONCLUSION

For the foregoing reasons, defendant's motion is granted.