■ ELEANOR BLOCK, Appellant-Respondent, v TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Respondent-Appellant. [731 NYS2d 138] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 22, 2000, which granted defendant's motion for summary judgment and dismissed the complaint as time barred, reversed, on the law, without costs, defendant's motion denied, the complaint reinstated and the matter remanded for further proceedings.

In granting defendant's motion, the IAS court determined that plaintiff's cause of action accrued on January 23, 1995, the date when, at defendant's request, she submitted to an examination by an independent medical examiner to substantiate her continued eligibility for disability benefits under defendant's group policy. However, since there is nothing in the policy that defines such independent medical examination as part of any "Proof of Claim," which itself is not defined in the policy, we think that, given the ambiguity in the policy, which must be construed against defendant, the appropriate date of accrual was on or about March 31, 1998, when defendant, by letter, denied plaintiff's request for reconsideration of defendant's initial termination of her benefits on February 3, 1995. Contrary to the dissent's statement that plaintiff waited until November 1997 to request reconsideration, by letter dated March 20, 1995 defendant acknowledged receipt of plaintiff's February 13, 1995 request for reconsideration and that it would

initiate its review upon receipt of the medical evidence plaintiff indicated would be sent under separate cover. Thereafter, by letter dated January 26, 1996, defendant advised plaintiff that in order to review its decision, she would have to have her physician provide it with additional objective medical information that supported continuous total disability as defined in the policy. Clearly, plaintiff had ample reason to believe that defendant's reconsideration of its termination of disability benefits was ongoing.

Defendant ultimately stated in its March 31, 1998 letter that it had sent the relevant medical records to its medical expert for review and that, "based on the medical evidence which has been supplied to us * * * we are once again upholding our previous decision to terminate your claim for Long Term Disability Benefits." The letter went on to advise plaintiff: "If you would like a review of our decision. [sic] A written request and objective medical information to support your opinion, should be submitted to us within sixty days of the receipt of this letter." Significantly, for the first time in all its correspondence with plaintiff, defendant advised plaintiff of the policy's shortened two year Statute of Limitations for an action or suit to recover under the policy. Further supporting our finding of ambiguity is defendant's reliance upon the alternative accrual of February 28, 1997, the last day that benefits were paid under the policy. Under the circumstances presented, the accrual of plaintiff's breach of contract claims arose when her request for reconsideration was denied.

Finally, although not determinative, we agree with defendant that the motion court incorrectly applied Insurance Law § 3216 (d) (1) (G) to extend the limitations period by a year. Concur—Rosenberger, J. P., Andrias and Marlow, JJ.

Rubin and Buckley, JJ., dissent in a memorandum by Rubin, J., as follows: At issue is the timeliness of the commencement of this action for breach of a contract of insurance. The subject contract is a group total disability policy issued by defendant Teachers Insurance and Annuity Association of America (TIAA) to the State University of New York in 1969. Plaintiff began receiving total disability benefits under the group insurance policy effective August 1, 1985.

In connection with a review of plaintiff's continuing eligibility for payments under the policy, TIAA required her to submit to examination by an independent medical examiner. Following a physical examination conducted on January 23, 1995, defendant informed plaintiff by letter dated February 3, 1995 that her benefits would terminate with the check payable for

that month. Although the letter invited her to submit a written request for review "within a reasonable period of time," plaintiff waited some $2\frac{1}{2}$ years until November 1997 to request reconsideration of the termination of her benefits. TIAA thereupon sent plaintiff's medical records to a board-certified surgeon. Based upon his review, TIAA informed plaintiff by letter dated March 31, 1998 that it was upholding its previous decision. Plaintiff commenced this action by verified complaint dated March 10, 1999.

At issue is the date upon which plaintiff's cause of action arose for purposes of the contractual period of limitations provided in the group total disability policy. The governing provision states: "No action at law or in equity will be brought to recover under this policy * * * unless commenced within two years from the expiration of the time within which proof of claim is required by the provisions hereof." It is defendant's contention that the last such occasion was plaintiff's physical examination on January 23, 1995. Plaintiff contends, variously, that the six-year Statute of Limitations applicable to contract actions should be applied; that the physical examination of January 23, 1995 does not constitute "proof of claim" within the contemplation of the contract of insurance; that the initial termination of her benefits in February 1995 was merely conditional; and that defendant's failure to bring the policy's two-year period of limitations to her attention until March 31, 1998 should bar TIAA from asserting the benefit of the contractual limitations period.

While the question of the accrual of a claim under a group insurance policy is relatively novel in New York, the Federal courts have developed a consistent body of case law in this area involving actions brought under the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.* [ERISA]). Insofar as pertinent to this matter, certain general rules have emerged. Because the statute contains no generally applicable limitations period, the six-year period prescribed for contract actions under State law governs claims for denial of benefits under ERISA (*Miles v New York State Teamsters Conference Pension & Retirement Fund Empl. Pension Benefit Plan*, 698 F2d 593, 598 [2d Cir], *cert denied* 464 US 829). Where State law permits, a shorter period specified in the contract will be given controlling effect (CPLR 201; *Salcedo v John Hancock Mut. Life Ins. Co.*, 38 F Supp 2d 37, 40-41 [D Mass]; *Patterson-Priori v Unum Life Ins. Co.*, 846 F Supp 1102, 1105 [ED NY]; *Scheirer v NMU Pension & Welfare Plan*, 585 F Supp 76 [SD NY]). "It is well settled that parties may contractually agree to

shorten the applicable period of limitations" (*Rudin v Disanza,* 202 AD2d 202, 203, *lv denied* 83 NY2d 760). This rule extends to contracts of insurance (*Myers, Smith & Granady v New York Prop. Ins. Underwriting Assn.,* 201 AD2d 312, *affd* 85 NY2d 832 ["A contractual limitation of two years after loss for the commencement of suit on a policy of insurance is valid and enforceable in New York"]; *Carat Diamond Corp. v Underwriters At Lloyd's London,* 123 AD2d 544, 546 ["Parties, by agreement, may provide for a shorter limitations period than that prescribed by law, which is enforceable, provided it is reasonable and in writing"]).

The Federal courts have resolved that the statutory period for commencing an action under a group contract of insurance begins to run when the insurer's denial is clearly communicated to its insured (*Patterson-Priori v Unum Life Ins. Co., supra,* at 1106). Subsequent cases established that the denial of benefits is final upon the insured's exhaustion of the formal review process (*Salcedo v John Hancock Mut. Life Ins. Co., supra,* at 43; *see also, Drinkwater v Metropolitan Life Ins. Co.,* 846 F2d 821, 825-826 [1st Cir], *cert denied* 488 US 909; *cf., Cavegn v Twin City Pipe Trades Pension Plan,* 223 F3d 827, 830 [plan trustees treated reconsideration request as new application for benefits]). Finally, neither a subsequent request for reconsideration nor the insurer's informal review and reconsideration will impair the finality of the determination for the purpose of restarting the Statute of Limitations (*Dameron v Sinai Hosp.,* 595 F Supp 1404, 1414 [D Md] ["a tenacious plaintiff should not be allowed to renew stale claims merely by requesting reconsideration of 'final' decisions"]; *Mason v Aetna Life Ins. Co.,* 901 F2d 662, 664 [8th Cir] ["informal reexamination is to be encouraged and will not renew a claimant's cause of action for statute of limitations purposes"]; *Martin v Construction Laborer's Pension Trust,* 947 F2d 1381, 1386 [9th Cir] [same]). This rule finds a familiar analogue in the treatment of appeals involving State administrative proceedings, which precludes use of the expedient of filing a request for reconsideration to extend the applicable Statute of Limitations (*e.g., Matter of Simmons v Popolizio,* 160 AD2d 368, 369, *affd* 78 NY2d 917; *see also, Matter of De Milio v Borghard,* 55 NY2d 216, 220, 222).

Plaintiff's action is clearly untimely. The right of an insurer to periodically examine its insured is a mandatory feature of any group health insurance policy delivered or issued in New York State (Insurance Law § 3221 [a] [11]), and the subject policy provides for examination at reasonable intervals in the

section entitled "Notice and Proof of Claim." Pursuant to the contract of insurance, the examination of plaintiff conducted by an independent physician on behalf of TIAA on January 23, 1995, which resulted in the termination of her benefits, plainly constitutes "proof" supporting plaintiff's "claim" for continuing disability benefits. As no further "proof of claim" was required to be furnished to the insurer or submitted by plaintiff, the date of the examination is the time designated in the contract from which the limitations period is to be measured. The language of this provision is mandated by statute (Insurance Law § 3216 [d] [1] [K], now providing for a period of three years [L 1984, ch 367, § 1]). Thus, under the terms of the insurance policy, as required by State law, the limitations period commenced running on January 23, 1995 (the date of the physical examination resulting in the termination of benefits) and the last date on which to commence an action on the contract was January 23, 1997.

Customarily, a limitation on the time to pursue a remedy is measured from the date on which the affected party receives notice of the adverse action sought to be challenged (*e.g., Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834). The Federal courts follow this paradigm, applying the rule that the limitations period for commencing an action under a group policy begins to run when the insurer's denial is clearly communicated to its insured (*Patterson-Priori v Unum Life Ins. Co., supra*, at 1106) at the end of any formal review process (*Salcedo v John Hancock Mut. Life Ins. Co., supra*, at 43). Thus, under the Federal scheme, the two-year period within which to pursue an appeal expired on February 3, 1997 (two years after the date of termination provided in TIAA's letter dated February 3, 1995), and the last date to commence the action was February 3, 1997. Under either State or Federal criteria, commencement of this action on March 10, 1999 was untimely.

Plaintiff has not set forth any ground why this Court should set aside the contractual limitation on the right to bring suit upon the policy. Although plaintiff was informed of the procedure to be followed to obtain further review, she failed to diligently pursue the appeal process. She did not comply with TIAA's notice, contained in its letter of February 3, 1995, that a request for review must specify why the insurer's determination was incorrect and must be accompanied by supporting medical documentation. Instead, plaintiff waited until November 1997 to submit "additional medical evidence from eight (8) physicians" in support of a request for reconsideration of her claim. Even at this juncture, an action would have been

untimely, the two-year period of limitation provided in the policy having lapsed over nine months earlier.

Plaintiff's suggestion that the material submitted in November 1997 was merely the culmination of a review requested in February 1995 is disingenuous. TIAA's acknowledgment of receipt of the "formal request for a review of your decision" solicits the requisite medical documentation and expressly states that "this information must be received within a reasonable period of time."

Finally, plaintiff has offered no authority to support her contentions that either the belated request for review of her claim or the informal review undertaken by the insurer operates to revive the contractual limitations period. The Federal cases in which the issue has arisen have declined to permit the use of a request for reconsideration to advance stale claims (*Dameron v Sinai Hosp.*, 595 F Supp, *supra*, at 1414) as deleterious to the policy of encouraging informal review by insurers (*Mason v Aetna Life Ins. Co.*, 901 F2d, *supra*, at 664; *Martin v Construction Laborer's Pension Trust*, 947 F2d, *supra*, at 1386). Nor does State law allow the use of reconsideration to restart the limitations period in the analogous context of a proceeding for review of an administrative determination.

The majority draws no distinction between an informal reconsideration of a determination (*Dameron v Sinai Hosp.*, *supra*, at 1414; *Mason v Aetna Life Ins. Co.*, *supra*, at 664; *Martin v Construction Laborer's Pension Trust*, *supra*, at 1386), which has no effect on the period of limitations, and a formal appeal from the denial of benefits (*Salcedo v John Hancock Mut. Life Ins. Co.*, *supra*, at 43; *Patterson-Priori v Unum Life Ins. Co.*, *supra*, at 1106). Without citation of authority, the majority equates the bald expression of the desire for review—unaccompanied by any statement of why the insurer's determination was incorrect or any supporting medical evidence—with the submission of a formal appeal. Furthermore, it implicitly decides that a period of nearly three years constitutes a "reasonable time" for the submission of the necessary supporting documentation. Finally, it concludes that the insured's belated perfection of her application restarts the period of limitations contained in the policy.

Given the dearth of authority for these propositions, there is no valid reason to assign error to Supreme Court's decision. Accordingly, the order of the Supreme Court should be affirmed.