**Sherry CLARK, Plaintiff–Appellant,**

v.

**NBD BANK, N.A.; NBD Bancorp, Inc.; and NBD Bank, N.A., Incorporated, Defendants–Appellees.**

No. 99–1757.

United States Court of Appeals, Sixth Circuit.

Feb. 15, 2001.

Before WELLFORD, SILER, and BATCHELDER, Circuit Judges.

PER CURIAM.

Plaintiff Sherry Clark allegedly injured her back when picking up a very heavy box in the course of her duties at NBD Bancorp ("NBD"). Clark underwent medical treatment for her injury, and eventually filed for long-term disability benefits under NBD's disability plan. Though she claims that she filed her first application for benefits on June 30, 1992, she never received a response from NBD. Over three years later, on July 12, 1995, Clark filed a second application for benefits, which was denied by NDB in October of that year. It was almost three years after that denial that Clark filed the action at issue under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, alleging that she had been wrongfully denied benefits. In addition, she claimed that the defendants[1] breached her contract rights and failed in their fiduciary duties to her. The district court granted the defendants' summary judgment, stating that Clark's claim was precluded by the three-year limitations period provided in the plan, and also holding that Clark's other claims were preempted by ERISA. We AFFIRM the district court in all respects.

---

1. The defendants were the Bank, its long term disability plan manager, a Bank department head, and the plan administrator. All will be treated collectively as NBD.

Clark had been employed by NBD from 1970 until 1992 in several different capacities, most recently as an assistant manager in the accounts and reports division. Clark underwent medical treatment soon after her asserted back injury, and has received Social Security disability benefits since June of 1997. We assume for purposes of this appeal that Clark was disabled and unable to work at all pertinent times, although that question is subject to serious dispute.

NBD sponsors long-term disability benefits to employees eligible as participants in its Long–Term Disability ("LTD") Plan.[2] Clark was covered under the LTD plan at all relevant times.

On May 5, 1992, Cathleen M. Gable, an NBD senior benefits analyst, purportedly mailed an application for LTD benefits to Clark. Gable indicated initially that the application was to be returned by May 25, 1992. Gable also claimed that when she did not get a response from Clark, she called Clark on July 1, 1992, and emphasized the importance of submitting the application. By July 23, 1992, Gable mailed Clark a certified letter, return receipt requested, enclosing another application package and stressing the importance of filing the application by July 31, 1992, "to avoid the loss of benefits."

On July 30, 1992, Gable met personally with Clark, who alleges that she brought her LTD claim form with her to deliver in person.[3] Gable disputes that Clark's written claim was presented at that time. In any event, neither Gable nor anyone else from NBD responded to Clark's claim for about three years, and Clark never followed-up on the alleged claim through inquiry or any other means.

On July 12, 1995, with the aid of counsel, Clark filed an application (she claims it was her second) for LTD benefits, and she was furnished a copy of the LTD Plan. Clark claims that she never saw a copy of the Plan before that time, and that consequently she was not aware of the filing deadlines provided therein. The July, 1995 application was denied as untimely on October 31, 1995.

The summary plan description ("SPD") of the plan in question provides that following a 180–day qualifying period, "[b]enefits are payable if you satisfy all of the following requirements: ... You provide satisfactory proof of your total disability including information from your physician as requested." Further, it specifies that "[b]enefits terminate whenever any of the following events occur: ... You fail to provide the required proof of disability or any other information or samples requested." The proof of loss is required within 120 days of any loss, or, at the latest, by the end of the ninth month after the disabling event. Additionally, the LTD plan provides that "[n]o such action [at law or in equity] shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." That three-year limitation is in the actual plan, but is not specified in the SPD.

On June 29, 1998, Clark filed suit, claiming an entitlement to LTD benefits pursuant to ERISA and also alleging state claims of equitable estoppel, breach of fiduciary duties, and breach of contract. On March 17, 1999, the district court granted summary judgment in favor of the defendants, finding that Clark's claims were untimely under the plan's 3–year time limita-

**2.** NBD Bank, N.A., is a subsidiary of NBD Bancorp and is the plan's Trustee.

**3.** Clark's assertion that she filed her claim at that meeting is supported by her affidavit, but she produced no copy and the record reflects no such filed claim.

tion for filing suit. The district court also held that Clark's other state claims were preempted by ERISA. On April 9, 1999, Clark filed a motion for reconsideration of the court's March 17 Order.[4] On June 10, 1999, the district court filed a supplemental order denying Clark's motion for reconsideration and reaffirming the decisions made in the original order.

We find the decisions of the district court to be essentially correct. Clark did not brief issues pertaining to breach of fiduciary duty or breach of contract claims. We treat this as not making any official challenge to the district court's dismissal of those claims.

We review the district court's grant of summary judgment in an action involving an ERISA claim *de novo*. *Meade v. Pension Appeals and Review Committee*, 966 F.2d 190, 192 (6th Cir.1992). *Williams v. International Paper Co.*, 227 F.3d 706, 710 (6th Cir.2000).

> Granting summary judgment is appropriate "[w]here the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial. . . . '[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a

verdict for that party.' If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted."

*Meade*, 966 F.2d at 192–93 (citations omitted).

The starting point for applying the LTD plan's limitations period is the language of the plan: "No such action [at law or equity] shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." In this case, the proof of loss was due, at the latest, on October 29, 1992 (nine months after the disabling event). Clark was required, therefore, to file this lawsuit by October 28, 1995. Because she filed this lawsuit nearly three years later, over six years after her disabling injury occurred, her lawsuit was properly dismissed.

■ Courts have adhered to the rule that, "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than prescribed in the general statute of limitations, provided that the shorter period itself shall be reasonable." *Order of United Commercial Travelers v. Wolfe*, 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947); *see Myers v. Western–Southern Life Ins. Co.*, 849 F.2d 259 (6th Cir.1988).

---

4. Pursuant to E.D. Mich. L.R. 7.1(g)(1): "A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order." On April 1, 1999, the tenth day from the entry of the order and judgment, the district court received a paper styled "Stipulation to Extend Time in Which to File a Petition for Rehearing," signed by counsel for each party, purporting to enlarge the time allowed for filing a motion for reconsideration. The parties did not seek an order from the district court to enlarge the time for filing the motion. *See, e.g.*, Fed.R.Civ.P. 6(b) ("When . . . an act is required or allowed to

be done at or within a specified time, *the court* for cause shown may at any time in its discretion (1) with or without motion or notice *order the period enlarged*") (emphasis added). Nevertheless, the district court *sua sponte* considered the motion for reconsideration filed April 9, 1999, as timely. For purposes of this opinion, we will assume, without deciding, that the district court did not err in enlarging the time for the filing of the motion for reconsideration, and we will address the appeal on the merits. In any event, plaintiff cannot prevail for the reasons stated in this opinion and in the separate concurrence.

"Congress' silence on a limitation period ... shows its willingness to accept reasonable limitations periods rather than a strong policy in favor of some particular limitations period." *Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1205 (7th Cir.1992). Many courts have specifically applied this general rule of law to claims brought under ERISA. *See Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir.1998) (holding that contract limitations in ERISA plans are enforceable provided they are reasonable); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (7th Cir.1997) (upholding plan's three-year limitations period instead of the state's six-year breach of contract period); *Allen v. Unionmutual Stock Life Ins. Co.*, 989 F.Supp. 961 (S.D.Ohio 1997); *Bomis v. Metropolitan Life Ins. Co.*, 970 F.Supp. 584 (E.D.Mich.1997); *Chilcote v. Blue Cross & Blue Shield United*, 841 F.Supp. 877 (E.D.Wis.1993); *see also* 44 Am.Jur.2d *Insurance* § 1879 (1982) ("Rule that contractual limitations periods shorter than statute of limitations are permissible provided they are reasonable is applicable to ERISA plans ....").

■ Clark argues that this court should not adhere to the three-year contractual limitation, under the circumstances. She does not, however, argue that the three-year contractual limitations period is unreasonable. The district court adhered to the majority of cases that have followed the general principles of contract law and have upheld the contractual limitations period if they are reasonable.

■ It is readily apparent from the undisputed facts of this case that the district court was not in error in concluding that equitable tolling should not apply because "[t]he overriding factor is that Clark was not diligent in pursuing her rights."

To determine whether equitable tolling of a limitations period is appropriate, the court must consider the following factors:

(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews v. Orr*, 851 F.2d 146, 150 (6th Cir.1988).

Clark relies on not being aware of the three-year limitation for filing suit until she received a copy of the LTD plan in October of 1995 after she requested a copy. Because she had no actual notice of the deadline, Clark argues, the limitations period should be tolled until she received such notice. Furthermore, Clark argues that the defendants never formally notified her that it had denied her first application for benefits, and this should serve as a reason to toll the limitations period. As an additional reason for tolling, Clark argues that if the defendants were not prejudiced by her late filing, she should be able to maintain her claim.

The defendants point out, however, that the "notice-prejudice" rule applies only to toll the time to file a claim for benefits; not the time to file a lawsuit. *See Burnett v. New York Central RR Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Otherwise, the defendants respond that "a limitations period could be tolled indefinitely as long as the defendant was not prejudiced." They also argue that they are, in fact, prejudiced by Clark's filing almost six years after the injury. We believe Clark had constructive notice of the filing deadlines because her SPD provides that she can obtain copies of her plan at any time.

The circumstances here do not warrant application of equitable tolling. Although

Clark may have been unaware of the limitations deadline, she had access to the plan and the pertinent information upon her request. Instead, Clark did not follow-up on her first claim for years. Furthermore, she waited almost two years and nine months after learning of the deadline to file suit. Clark's conduct was not reasonable in remaining ignorant of the various time limitations. Her "lack of diligence" weighs strongly against tolling the limitations period. *See Andrews,* 851 F.2d at 151 ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine."); *see also Bomis,* 970 F.Supp. at 588 (the non-diligent plaintiff's limitations period should not be tolled when plaintiff gave "no explanation as to why he filed his claim . . . two years late").

Under the totality of the circumstances, we find the district court made a proper analysis on equitable tolling.

## CONCLUSION

Accordingly, we AFFIRM the district court in all respects.

ALICE M. BATCHELDER, Circuit Judge, concurring in the judgment.

I agree with the position the majority has taken with respect to the LTD Plan's limitation on actions and the unavailability of equitable tolling in the circumstances of this case. Because I conclude that this court lacks jurisdiction over Clark's appeal, I write separately.

On March 17, 1999, the district court granted the defendants' motion for summary judgment, but Clark did not file a notice of appeal until June 23, 1999. In the interim, Clark filed a motion for reconsideration pursuant to the local rules of the United States District Court for the Eastern District of Michigan. As the majority mentions in footnote 4, Clark made this motion for reconsideration outside the ten-day period following the March 17 judgment, and the district court *sua sponte* treated it as timely. Like the majority, I express no opinion regarding whether the district court erred by taking this action.

In general, of course, a party in a civil action must file a notice of appeal within thirty days after the judgment or order from which an appeal is sought. FED. R. APP. P. 4(a)(1)(A). Rule 4(a)(4)(A) provides for tolling of this thirty-day period in certain circumstances: "If a party *timely* files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion" (emphasis added). Although Rule 4 makes no provision for the particular local rule under which Clark sought reconsideration, we have compared the local rule to motions under Rules 59 and 60 and concluded that it most closely resembles a Rule 60 motion. *Crown Serv. Plaza Partners v. City of Rochester Hills,* Nos. 98–1581, 98–1666, 2000 WL 658029 (6th Cir. May 8, 2000). Rule 4 lists a Rule 60 motion as one that will toll the period for filing an appeal "if the motion is filed no later than 10 days . . . after the judgment is entered." FED. R. APP. P. 4(a)(4)(A)(vi). Therefore, even if the district court properly treated Clark's motion for reconsideration as timely, Rule 4 does not toll the thirty-day period for filing a notice of appeal because Clark failed to make the motion within ten days of the March 17 order granting the defendants' motion for summary judgment.

Nor can the district court's decision to treat Clark's motion as timely create jurisdiction in this court over an untimely ap-

peal. Enlarging the time for filing the motion for reconsideration cannot dictate the timeliness of taking an appeal under Rule 4 of the Federal Rules of Appellate Procedure. Only if a party moves for an extension of time under Rule 4(a)(5) can the district court affect our jurisdiction when tolling is unavailable under Rule 4(a)(4)(A).

"The failure of [an] appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with [Rule 4] is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend." *Rhoden v. Campbell,* 153 F.3d 773, 774 (6th Cir.1998). Because Clark filed the motion for reconsideration more than ten days after the March 17 judgment, no tolling of the time to file a notice of appeal occurred. "A *timely* peti-tion for rehearing tolls the running of the [appeal] period .... An untimely request for rehearing does not have the same effect." *Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 401 (2d Cir.2000) (*quoting Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 267, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)). By the time Clark filed the notice of appeal on June 23, 1999, the time for taking an appeal had lapsed, thereby depriving this court of jurisdiction to consider the matter further.