08-1611-cv
Burke v. PriceWaterHouseCoopers LLP

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: April 30, 2009                    Decided: July 9, 2009)

Docket No. 08-1611-cv

_____

PATRICIA A. BURKE,

*Plaintiff-Appellant*,

v.

PRICEWATERHOUSECOOPERS LLP
LONG TERM DISABILITY PLAN,
THE HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

*Defendants-Appellees*.

_____

B e f o r e:

B.D. PARKER, WESLEY, *Circuit Judges*, and MURTHA, *District Judge*.[*]

_____

[*] The Honorable J. Garvan Murtha, United States District Judge, District of Vermont, sitting by designation.

1

Appeal from the judgment of the United States District Court for the Southern District of New York (Chin, J.) entered on March 6, 2008, dismissing plaintiff's complaint brought pursuant to 29 U.S.C. § 1132, finding the claim time-barred. Affirmed.

STEPHANE M. MONTAS, DeHaan Busse, LLP, Hauppauge, N.Y., *for Plaintiff-Appellant*.

MICHAEL H. BERNSTEIN (John T. Seybert, *of counsel*), Sedgwick Detert Moran & Arnold, LLP, New York, N.Y., *for Defendants-Appellees*.

_____

PER CURIAM:

Plaintiff-Appellant Patricia Burke appeals from a Judgment entered March 6, 2008 in the United States District Court for the Southern District of New York (Chin, J.), dismissing with prejudice her ERISA claim against PricewaterhouseCoopers LLP ("PwC") Long Term Disability Plan and the Hartford Life and Accident Insurance Company ("Hartford") (collectively, "Defendants"). For the reasons stated below, we affirm the district court's dismissal of Burke's 29 U.S.C. § 1132 claim because it is time-barred under the written terms of the plan.

In June 2002, following knee surgery, Burke, a former PwC employee, applied for short-term disability benefits under the PwC Health and Welfare Benefits Plan (the "Plan"). She was granted and received benefits until they were exhausted. On September 17, 2002, Burke applied for long-term disability ("LTD") benefits which were approved to commence at the expiration of her short-term benefits on October 20, 2002.

On March 28, 2003, Hartford, the Plan administrator, requested Proof of Loss, including an evaluation to be completed by her doctor. The Plan required Proof of Loss be provided within

thirty days of the request. Burke's doctor submitted the evaluation on April 25, 2003. Hartford requested further information be submitted by May 5, 2003, because it viewed the doctor's conclusions that Burke was permanently disabled, but that she could work for eight hours per day as contradictory. When Hartford did not receive a response by May 12, 2003, it notified Burke her LTD benefits were terminated as of April 30, 2003 because "the weight of medical evidence" did not support continuing the benefits. On June 10, 2003, Burke appealed the termination and submitted additional information. Hartford denied the appeal on October 1, 2003 and informed Burke she could bring a civil action.

On September 25, 2006, Burke filed a suit in federal court challenging the termination of her LTD benefits. 29 U.S.C. § 1132(a)(1)(B) (creating a cause of action for a plan beneficiary to recover benefits due under an employee benefit plan). The district court held a summary trial on a stipulated administrative record. Judge Chin dismissed Burke's claim as time-barred under the Plan in a well-reasoned Memorandum Decision dated February 29, 2008. Burke v. PricewaterhouseCoopers LLP, Long Term Disability Plan, 537 F. Supp. 2d 546 (S.D.N.Y. 2008).

We review the district court's judgment de novo because the sole issue on appeal is a question of law; the facts are undisputed. Grace v. Corbis-Sygma, 487 F.3d 113, 118 (2d Cir. 2007) (stating that conclusions of law are reviewed de novo). Burke's appeal hinges on whether the applicable limitations period began to run before she could bring a § 1132 claim. If yes, her appeal is untimely; if no, her appeal is timely.

The starting point is the applicable limitations period. The Employee Retirement Income Security Act of 1974 (ERISA), codified at 29 U.S.C. §§ 1001-1461, does not prescribe a limitations period for 29 U.S.C. § 1132 actions, the section under which Burke brought her

claim. See Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983). Therefore, the applicable limitations period is "that specified in the most nearly analogous state limitations statute." Id. Here, New York's six-year limitations period for contract actions, N.Y. C.P.L.R. 213, applies as it is most analogous to § 1132 actions. Miles, 698 F.2d at 598. New York permits contracting parties to shorten a limitations period, however, if the agreement is memorialized in writing. N.Y. C.P.L.R. 201. In this case, the three-year limitations period in the Plan controls, a conclusion the parties do not dispute.[1]

District courts in this Circuit have used two methods to determine when an ERISA § 1132 claim accrues when the policy contract contains a limitations provision[2]: (1) when benefits are initially denied, Patterson-Priori v. Unum Life Ins. Co. of Am., 846 F. Supp. 1102, 1108 (E.D.N.Y. 1994), or (2) when administrative remedies have been exhausted, Mitchell v. Shearson Lehman Bros., No. 97 CIV. 0526, 1997 WL 277381, at *3 (S.D.N.Y. May 27, 1997). Under Patterson-Priori, Burke's claim "accrued" on May 12, 2003. Since she filed this action on September 25, 2006, her suit is untimely under this standard. If we were to apply the Mitchell

_____

[1]Significantly, this three-year limitations period is longer than the period provided under N.Y. Ins. Law § 3221, which requires group health insurance policies to state "no action at law or in equity shall be brought to recover on the policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of the policy and that no such action shall be brought after the expiration of two years following the time such proof of loss is required by the policy." Id. § 3221(a)(14). The Plan's limitations period is permitted because it is "more favorable" than the statute requires. Id. § 3221(a).

[2]The Miles Court addressed when an ERISA cause of action accrues but the policy contract at issue did not contain a limitations period. See Miles, 698 F.2d at 598 (holding an ERISA cause of action begins to accrue "when there has been a repudiation by the fiduciary which is clear and made known to the beneficiar[y]") (internal quotation marks and citation omitted).

4

standard, by contrast, we would deem Burke's claim to have "accrued" on October 1, 2003 -- when her appeal was denied -- and her suit would be timely. Judge Chin did not reach the issue of the unresolved accrual date for § 1132 actions, Burke, 537 F. Supp. 2d at 549 n.2, and we have previously declined to do so as well, see Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 325 (2d Cir. 2004).

Here, without reference to an accrual date, the Plan's limitations period prohibits a claimant from bringing legal action more than "three years after the time written Proof of Loss is required to be furnished." Burke, 537 F. Supp. 2d. at 547 (internal quotation marks omitted). New York law permits the Plan to begin the limitations period before a plan beneficiary can bring suit by permitting parties to alter "the time within which an action must be commenced." N.Y. C.P.L.R. 203(a). The rule further provides: "The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed." Id. (emphasis added).

The Supreme Court has stated "it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit." Reiter v. Cooper, 507 U.S. 258, 267 (1993). Though in that case the Court did not "infer such an odd result in the absence of any such indication in the statute," id., here, as allowed under New York law, the Plan specifies the limitations period will begin to run at a different time than when a claimant could bring a federal action. Therefore, there is reason to "infer the odd result" that the limitations period began to run prior to the time Burke could file suit in federal court. Because an ERISA

5

action may not be brought in federal court until administrative remedies are exhausted,[3] enforcing a policy-prescribed limitations period that runs from a time different than when the cause of action accrued could result in a shortening of the effective limitations period.[4]

Defendants assert that the Plan "expressly prescribes" the limitations period will commence thirty days after proof of loss is due, thereby altering the general rule that a limitations period runs from the date a cause of action accrues. Their assertion is in direct contradiction with Mitchell, where the court held the limitations period did not begin to run until plaintiff's final appeal was denied despite a contract term identical to the one at issue here. Mitchell, 1997 WL 277381, at * 6. The Mitchell court was motivated by fairness concerns, noting that if a limitations period began before a plaintiff had exhausted administrative remedies through the plan, which consequently would prevent her from bringing an action in court, the "result would be unfair because a plaintiff would be deprived of the full benefit of the limitations period." Id. at *5. More worrisome was the possibility that an "insurer [could] simply bury a denial of coverage and wait for the statute of limitations to run." Id. at *2 (internal quotation marks omitted).

Judge Chin distinguished Mitchell and declined to follow its holding because the U.S. Department of Labor (DOL) enacted regulations applicable to benefit claims made under

---

[3]ERISA does not contain an explicit exhaustion of remedies requirement, but this Circuit has inferred such a requirement. See Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993).

[4]Burke fails to counter the argument that "[a]bsent a finding of unconscionability . . . , it would be anomalous . . . to allow [a] plaintiff to maintain an action to recover a benefit which was created by and exists solely because of the [terms] of the Plan, while at the same time to deny effect to the conditions those same [terms] place upon receipt of that benefit." Patterson-Priori, 846 F. Supp. at 1105.

ERISA plans after January 1, 2002, which include deadlines requiring plan administrators to conclude appeals in a timely manner.  Burke, 537 F. Supp. 2d at 550-51.  The regulations require a plan administrator to decide an initial claim within 45 days of receipt, with two 30-day extensions allowed.  29 C.F.R. § 2560.503-1(f)(3).  If the claim is denied, the claimant has 180 days to appeal.  Id. § 2560.503-1(h)(3)(i).  The plan administrator must decide the appeal within 45 days, with one 45-day extension allowed.  Id. § 2560.503-1(i)(3).  Under the DOL timeline, "a claimant would still have nearly two years to bring legal action under the Plan's limitations provision."  Burke, 537 F. Supp. 2d at 551.  If the plan administrator misses any of the deadlines, the claim is deemed denied with administrative remedies exhausted thereby permitting a claimant to immediately bring an action in federal court.  See Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 106-07 (2d Cir. 2005).  Moreover, once a deemed denied claim is in federal court, it is not subject to a deferential review, but rather to de novo review.  Id. at 109.  Judge Chin found that, in light of these regulations, the fairness concerns raised in Mitchell were no longer a factor.  Burke, 537 F. Supp. 2d at 550-51.

This Circuit has not addressed the implications of the DOL regulations on the enforceability of a policy-prescribed limitations period that begins when proof of loss is due.  See Burke, 537 F. Supp. 2d at 551.  Judge Chin reasoned this Circuit's "strict adherence to the DOL regulations thus attenuates the [Mitchell court's] reasoning."  Id.  We agree.  The time remaining after the administrative appeal process has run its course under the DOL regulations, as well as the protections provided should the plan administrator be dilatory, support enforcing the contractual limitations provision in this case.

7

Finally, because we apply rules of contract law to ERISA plans, Lifson v. INA Life Ins. Co. of N.Y., 333 F.3d 349, 353 (2d Cir. 2003), a court must not "rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous," Cruden v. Bank of N.Y., 957 F.2d 961, 976 (2d Cir. 1992), as is the policy-prescribed limitations period at issue here. The parties, specifically the plan administrator, can anticipate suit will be brought within the limitations period -- an expectation based on a term in Burke's plan.

We join the Fifth, Sixth, Seventh, and Eighth Circuits in upholding written plan terms including limitations periods which may begin to run before a claimant can bring legal action. See Abena v. Metro. Life Ins. Co., 544 F.3d 880 (7th Cir. 2008); Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan, 426 F.3d 330 (5th Cir. 2005); Clark v. NBD Bank, N.A., 3 F. App'x 500 (6th Cir. 2001); Blaske v. UNUM Life Ins. Co. of Am., 131 F.3d 763 (8th Cir. 1997). Further, the vast majority of states, including New York, require insurance contracts to include the proof of loss limitations language such as that at issue here.[5]

---

[5]Recently, the Fourth Circuit refused to enforce a policy-prescribed limitations period that would begin to run before a claimant may bring suit. White v. Sun Life Assurance Co. of Can., 488 F.3d 240, 247 (4th Cir. 2007). The White court's concern, as in Mitchell, was the possibility a plan administrator would use the administrative process to "undermine[] and potentially eliminate[] the ERISA civil right of action." Id. The Fourth Circuit considered the DOL regulations but concluded, depending on the plan limitations period, a plan administrator could "eat up the entire limitations period." Id. at 251. In light of a court's authority to determine the reasonableness of a policy-prescribed limitations period, however, and its authority to toll that period should the facts of a given case require such a result, that possibility does not trouble us.

The Fourth Circuit was convinced a "reasonableness" fact-dependant standard is unworkable as it would "run counter to the values of certainty and predictability . . . of most accrual and limitations rules," and "be particularly incompatible with ERISA, given its written plan requirement." White, 488 F.3d at 250. Our holding enforces the written plan requirement in its entirety. Contrary to the Fourth Circuit's position, enforcing a policy-prescribed limitations period as written, including the date upon which it will begin to run, will provide clear notice to plan participants of the time in which they must bring suit: for example, in this case, three years from the date Burke was required to provide Defendants with Proof of Loss.

See Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 647 n.5 (9th Cir. 2000) (listing statutes).

Burke had ample time within which to bring her claim: following exhaustion of her administrative appeal, two years and five months of the limitations period remained. We hold the district court was correct to enforce the policy-prescribed limitations period in its entirety, including its prescribed start date, and to dismiss Burke's claim as time-barred because it was brought after the expiration of the limitations period. Under the terms of the Plan, Burke's claim was required to be filed by April 27, 2006 -- three years from the date proof of loss was due. Accordingly, her filing on September 25, 2006 was late by almost five months.

For the foregoing reasons, the judgment of the district court dismissing Burke's 29 U.S.C. § 1132 claim is AFFIRMED.