12-3229-cv
Chepilko v. Cigna Group Insurance

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand fifteen.

PRESENT:
> Robert A. Katzmann,
>> *Chief Judge,*
> Amalya L. Kearse,
> Reena Raggi,
>> *Circuit Judges.*

---

Sergei Chepilko,

> *Plaintiff-Appellant*,

> v.

Cigna Group Insurance,

> *Defendant-Appellee*.

No. 12-3229-cv

---

FOR PLAINTIFF-APPELLANT:         SERGEI CHEPILKO, *pro se*,
                                 Brooklyn, NY.

FOR DEFENDANT-APPELLEE:          MICHELLE M. ARBITRIO, Wilson
                                 Elser Moskowitz Edelman & Dicker
                                 LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sergei Chepilko, proceeding pro se, appeals the district court's summary judgment ruling dismissing his action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461, as barred by the three-year statute of limitations set forth in his insurance policy from Cigna. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The record reveals that Chepilko's action was time barred. The Cigna insurance policy states plainly and unambiguously that "[n]o action . . . will be brought to recover on the policy . . . . unless brought within 3 years . . . after the time within which proof of loss is required by the policy." S.A. 79; *see Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572

2

F.3d 76, 78 (2d Cir. 2009) (applying statute of limitations from benefits plan to ERISA action).

Here, Chepilko's "Proof of Loss Date" was June 4, 2002, but he did not file his complaint until

March 26, 2008, over five years later.

We have considered all of Chepilko's remaining arguments and find them to be without

merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>