16-2960-cv
Moses v. Revlon Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.
-------------------------------------------------------------------------
JULIENNE MOSES, As Beneficiary of Paul Moses (Deceased),

         *Plaintiff-Appellant*,


      v.                  No. 16-2960-cv


REVLON INC., BRIAN MATTHEW GOLDBERG,  MR. JOHN CICCONE, AURORA NATIONAL LIFE, LINDA DRAKE,
         *Defendants-Appellees*.[1]
-------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:      JULIENNE MOSES, New York, NY.

FOR DEFENDANTS-APPELLEES
REVLON, INC., BRIAN MATTHEW
GOLDBERG, AND MR. JOHN
CICCONE:
      RAYMOND A. KRESGE, Cozen O'Connor, Philadelphia, PA.

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the caption above.

FOR DEFENDANT-APPELLEE       ROBERT J. MANCUSO, Drinker Biddle &
AURORA NATIONAL LIFE:       Reath LLP, Philadelphia, PA.

FOR DEFENDANT-APPELLEE       MICHAEL T. CONWAY, Shipman &
LINDA DRAKE:       Goodwin LLP, New York, NY.

Appeal from an August 11, 2016 judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Julienne Moses, *pro se*, appeals from a judgment of the district court granting Defendants-Appellees' motions to dismiss Moses's claim pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. In 2015, Moses sued to recover certain unpaid benefits she claimed she was entitled to under her deceased husband's pension.

Moses's husband had been a longtime employee of Defendant-Appellee Revlon Inc. In 1987, Moses's husband became disabled and took a medical leave. He died in 1989 at age fifty, never having returned to work. Moses thereafter received benefits from her husband's disability pension, but expected to begin receiving increased benefits under a retirement pension in 2004, when her husband would have turned sixty-five. Moses brought this action seeking spousal pension benefits in 2015 after she never received those increased benefits.

The Defendants moved to dismiss Moses's complaint, arguing that it named improper defendants and was untimely. The district court agreed, and concluded that all the defendants other than Revlon were not proper parties. The district court further concluded that Moses's claim was barred by New York's six-year statute of limitation for contract actions because that statute of limitation began to run in 2004, when Moses should have known that she was not receiving the increased benefits she allegedly was due. Moses now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Before turning to the merits of Moses's appeal, we address Moses's motion asking us to accept her reply brief even though it incorporates documents that were not presented to the district court. We deny Moses's request because she has not demonstrated extraordinary circumstances that would justify our review of those documents. *See Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) ("[A]bsent extraordinary

circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record.").

With regard to the merits of Moses's appeal, we "review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). We likewise review the application of a statute of limitation *de novo*. *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010); *see also Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) ("[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint.").

The statute of limitation for ERISA § 502(a)(1)(B) claims is the limitation period "specified in the most nearly analogous state limitations statute." *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009). "Here, New York's six-year limitations period for contract actions, N.Y. C.P.L.R. 213, applies . . . ." *Id.* That period begins to run "when there is enough information available to the pensioner to assure that he knows or reasonably should know of [a] miscalculation" of benefits. *Novella v. Westchester Cty.*, 661 F.3d 128, 147 (2d Cir. 2011).

Moses alleged that she should have begun receiving increased benefits under a pension belonging to her late husband in 2004, when he would have turned sixty-five, because he elected that pension in addition to his disability pension prior to his death. She had received a lesser monthly benefit under her husband's disability pension since her husband's death in 1989 and through the time she brought this action in 2015. Moses also alleged, however, that she knew that her husband, prior to his death in 1989, had elected the pension that gave her a higher monthly benefit, and that the higher amount would start at the time he would have turned sixty-five. She nevertheless asserted that she did not "rediscover" the relevant documents informing her of this higher pension benefit, including the pension plan, until 2013. The complaint thus establishes that Moses had sufficient information that she should have known of the miscalculation when it initially occurred in 2004. In addition to knowing about the pension from the outset, Moses possessed the relevant documents the entire time. Thus, the face of Moses's complaint makes clear that the six-year statute of limitation began running in 2004. Moses, however, failed to bring suit until 2015, long after the statute of limitation had expired. The district court was correct that her suit was therefore untimely.

Moses nevertheless argues that her claim did not accrue until 2014, when she received a letter from Defendant-Appellee Aurora National Life that suggested she might be entitled to additional benefits. Moses further contends that she was confused by a provision in her husband's disability pension plan that she believed voided the higher

benefit pension plan.  Those contentions conflict with Moses's other allegations in her complaint.  In any event, actual knowledge of a miscalculation is not required.  *Id.* Moses's argument does not refute the district court's conclusion that she reasonably would have known about the miscalculation in 2004.

We have considered Moses's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4