D. PRESTON ATWOOD *vs.* GEORGE L. LOCKWOOD.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Section 324 of the General Statutes provides that an administrator who does not return an inventory of the estate to the Court of Probate within two months after the acceptance of his bond, shall forfeit, to him who shall sue therefor, $20 for each month's delay, " unless

Atwood *v.* Lockwood.

before suit be brought he make an excuse for such delay accept-
able to the court." *Held :* —

1. That the clause quoted implied that the subject-matter of the excuse
   should be presented in some way to the Court of Probate, and not
   merely to the judge; that the court should exercise its judicial
   functions in hearing and passing upon the acceptance or rejection
   of the excuse, and that its decision should be duly recorded, as a
   judicial act, upon its records.
2. That the existence of such an acceptance could be proved ordinarily
   only by the record.
3. That an excuse orally made to, and informally accepted by, the
   probate judge, without hearing or notice, and with no intention
   of making any record thereof as a judicial act, was not such an ac-
   ceptance as the statute required, and would not be available as a
   defense, if proved.

Each month's delay in returning the inventory, after the time limited
   therefor, constitutes a complete offense, all of which may, how-
   ever, be included in one count in the complaint.

The statute of limitations (§ 1120) bars a recovery of the forfeiture for
   every month's delay which occurred more than one year before
   the commencement of the action.

Submitted on briefs January 28th—decided March 3d, 1904.

ACTION to recover the penalties provided by General
Statutes, § 324, for the neglect of an administrator to make
and return an inventory of his intestate's estate, brought to
and reserved by the Court of Common Pleas in Fairfield
County, *Curtis*, *J.*, upon an agreed statement of facts, for
the advice of this court.    *Judgment advised for plaintiff.*

*Jeremiah D. Toomey, Jr.*, for the plaintiff.

*J. Belden Hurlbutt* and *Leo Davis*, for the defendant.

TORRANCE, C. J.    The material facts in this case are in
substance these: In April, 1893, Ann Amelia Smith, a resi-
dent of Norwalk in this State, died in that town leaving an
estate there.    In May, 1893, the defendant, Lockwood, be-
came the duly-qualified administrator of the estate of said
deceased, and continued as such up to the date of the in-
stitution of this suit in August, 1899.    Said administrator
never filed any inventory whatever of said estate as required

Atwood *v.* Lockwood.

by law. "There is no record of any excuse being accepted" by the Court of Probate for such failure to file such inventory. "The defendant was excused orally and informally by the judge of said probate court from filing said inventory, although there was no formal application for such excuse, nor any hearing thereon, nor any record thereof." It is agreed that if, under the pleadings in this case, the foregoing fact "can be shown on a trial by the oral testimony of the defendant against any objection that the plaintiff could make, the same should be considered a part of this finding, otherwise not. . . . In the event of said oral testimony *in re* excuse being admitted, the plaintiff desires to note an exception to the ruling of the court in admitting said oral testimony." The plaintiff claims to recover "judgment for $20 per month for twelve months, or $240 and costs, as is provided by statute." The defendant claims that as "said suit was not brought within one year after said penalty began to accrue, the plaintiff is not entitled to recover anything," and that "said excuse is an absolute bar to the plaintiff's recovery."

The statutes under which this action is prosecuted required the defendant to deposit an inventory of the estate of his decedent in the Court of Probate "within two months after the acceptance of his bond" as administrator; General Statutes, § 323 (Rev. of 1888, § 578); and provided further, that in case of his failure to do this he should forfeit to him who should sue therefor, $20 for each month, until he shall return such inventory, "unless before suit be brought he make excuse for such delay acceptable to the court." General Statutes, § 324 (Rev. of 1888, § 579).

The defendant failed to comply with the first of these requirements up to the time the suit was brought, but he claims that he is protected by the saving clause in the last of the above sections; and whether he is so protected is one of the questions in the case. The answer to this question involves the construction of the saving clause in question. A clause of this nature has been upon the statute book for nearly two hundred years. Revision of 1808, p. 263, note (3).

In the "Acts and Laws" of 1784, p. 52, it appears in this form: "without just excuse made to the judge of said court and accepted for such delay." In the Revision of 1821, p. 202, § 14, it reads thus: "unless he can make a just excuse for such delay, satisfactory to said judge of probate." In this last form it continued down to the Revision of 1875, p. 387, § 2, when it appeared in the form which it has since retained, and as it appears in § 579 of the Revision of 1888 and § 324 of the Revision of 1902.

Since 1875 the statute has required the excuse to be accepted, not, as before, by the judge of probate, but by the Court of Probate. This implies that the matter constituting the excuse shall be presented in some way to the Court of Probate, and not merely to the judge; that the court shall act upon the matter so presented, after the manner of a court, upon a hearing; that the court has power to reject as well as to accept the excuse; that such acceptance or rejection is a judicial act; and that as such it shall be duly recorded upon the court records. Such an acceptance as is here indicated is, we think, the only sort of acceptance contemplated by the statute, and the existence of such an acceptance can in general be proved only by the record. The statute expressly requires the judge of probate to cause the doings of the court to be recorded; General Statutes, § 197; and it is as true of our courts of probate as of other courts of record, that in general "their record is the only mouth through which they can speak." *Buell* v. *Cook*, 4 Conn. 238, 244. If an acceptance of the kind above indicated exists in the present case, it can, under the pleadings, be proved only by the record.

The complaint alleged that "the defendant did not, before this suit was brought, make an excuse for such delay acceptable to" the Court of Probate. This was met simply by a denial. Under such pleading, the existence of such an acceptance as the statute contemplates was put directly in issue, and its existence could only be proved by the record; and the record showed no acceptance of any kind. The defendant does not claim that a record of such an ac-

ceptance once existed, and that the record has been lost or destroyed; nor does he claim that the Court of Probate did in fact make such an acceptance which it failed to record; nor does he seek to have the record amended in any way; but he claims the right to prove the existence of some kind of an acceptance under the statute, by oral evidence. This we think cannot be done. Where, as in this case, the existence of a judgment of the Court of Probate is in dispute in another court, upon a plea which in effect is one of *nul tiel* record, such judgment can only be proved by the record of the Court of Probate or a duly authenticated copy thereof. *Davidson* v. *Murphy*, 13 Conn. 213; 1 Black on Judg. (2d Ed.) § 106. It follows that the acceptance, contemplated by the statute in question here, cannot in this case be proved by parol evidence.

The acceptance, described in the agreed facts, which the defendant claims the right to prove by parol evidence, was one made by the probate judge, and not by the court, and it was apparently made without hearing or notice to any one, and with no intention of making any record of such acceptance as a judicial act. This was not such an acceptance as the statute contemplates, and would not have been available to the defendant if proved; and for this reason evidence of it ought not to be received. It thus appears that the saving clause of the statute upon which the defendant relies is not available to him in this case.

The defendant further relies upon the statute of limitations as a defense. That statute provides that "no suit for any forfeiture upon any penal statute shall be brought but within one year next after the commission of the offense." General Statutes, § 1120. The answer alleged that "the right of action for the cause stated in said complaint did not accrue within one year next before the commencement of this action."

We think that certain of the principles laid down by this court in the case of *Wells* v. *Cooper*, 57 Conn. 52, are applicable in the case at bar, and are decisive of it against the defendant's claim under the statute of limitations. In that

case this court held, under the statute then under consideration, that each month's neglect was a complete offense in itself, that all that were more than a year old when the suit was brought were barred by the statute, and that all for which a recovery could be had could be included in one count in a complaint. We think these things are true also of the statute involved in the case at bar.

The Court of Common Pleas is advised to render judgment for the plaintiff for the twelve forfeitures incurred within the year next preceding the date when the suit was brought.

Costs in this court will be taxed in favor of the plaintiff.

In this opinion the other judges concurred.