16-3748-cv
Brown v. Rawlings Financial Services, LLC

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2016

(Argued: June 22, 2017 Decided: August 22, 2017)

Docket No. 16-3748

- - - - - - - - - - - - - - - - - - -x

JENNIFER L. BROWN,

Plaintiff-Appellant,

- v.-

RAWLINGS FINANCIAL SERVICES, LLC, AETNA INC., WILLIAM W. BACKUS HOSPITAL,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - -x

Before: JACOBS, LEVAL, and RAGGI, Circuit Judges.

A participant in a healthcare benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA") requested documents pertaining to her plan but did not receive them promptly. She seeks statutory damages pursuant to ERISA Section 502(c)(1), which imposes personal liability on ERISA plan administrators that fail to provide plan documents to participants

within thirty days of a request.  On motion, the United States District Court for the District of Connecticut (Bolden, J.) dismissed the suit as untimely, applying Connecticut's one-year statute of limitations for actions to recover civil forfeitures.  We agree that Connecticut's civil forfeiture statute of limitations provides the appropriate limitations period, and because the plaintiff filed her complaint more than one year after her claim accrued, we affirm the district court's dismissal.

> CHARLES L. KURMAY, Law Offices of Charles L. Kurmay, Milford, CT, <u>for Plaintiff-Appellant</u>.
>
> LINDA L. MORKAN (Theodore J. Tucci <u>on the brief</u>), Robinson & Cole LLP, Hartford, CT, <u>for Defendants-Appellees</u>.

JACOBS, <u>Circuit Judge</u>:

Jennifer Brown alleges that the defendants failed to timely comply with her request for documents relating to her healthcare benefit plan, in violation of Section 502(c)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1132(c)(1)(B).  The United States District Court for the District of Connecticut (Bolden, J.) dismissed her suit on motion, concluding that it was time-barred under Connecticut's one-year statute of limitations for actions to recover civil forfeitures.

Since ERISA does not specify a statute of limitations for Section 502(c)(1) claims, courts apply the state statute of limitations that is the nearest analogue. On appeal, Brown argues that the proper statute of limitations is either Connecticut's six-year statute of limitations for breach of contract, or the three-year statute of limitations for violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and the Connecticut Unfair Insurance Practices Act ("CUIPA"). We hold that the most analogous state statute of limitations in Connecticut is the one-year statute of limitations for actions to recover civil forfeitures. Accordingly, the district court correctly dismissed Brown's claim as time-barred.

2

# I

Brown is a participant in an ERISA-protected benefits plan ("the Plan") provided by one of the defendants, the William W. Backus Hospital ("Backus"). Defendant Aetna, Inc. is a third-party administrator of the Plan, and defendant Rawlings Financial Services, LLC, is a contractor hired by Aetna to provide certain services related to the Plan.

In late 2010, Brown was hurt in a motor vehicle accident. After Brown filed a personal-injury lawsuit, Rawlings sent Brown a notice of subrogation, informing her that if she received money in her lawsuit she would need to reimburse the Plan for medical expenses it had covered, and imposed a health insurance lien. Brown eventually settled her lawsuit, but the settlement money was initially withheld because of the lien.

Brown alleges that she asked Rawlings to provide her with documents regarding her health insurance plan on December 13, 2012, but that Rawlings did not respond; that Brown sent two further requests, one on June 13, 2013, and the other sometime around July 8, 2014; and that Rawlings provided no documents until January 15, 2015, and finished compliance on February 17, 2015.

Brown's ERISA complaint, filed in Connecticut state court on October 13, 2015, was removed to the United States District Court for the District of Connecticut. The district court concluded that Connecticut's one-year statute of limitations for actions to recover civil forfeitures applied to Brown's claim, determined that Brown's claim had accrued more than a year earlier, and dismissed the complaint as untimely. This appeal followed.[1]

# II

Section 502(c)(1) imposes the following liability on ERISA plan

---

[1] Because the district court dismissed Brown's claim pursuant to Federal Rule of Civil Procedure 12(b)(6), our review is de novo. <u>Coulter v. Morgan Stanley & Co.</u>, 753 F.3d 361, 366 (2d Cir. 2014).

"administrators" (Backus is the plan administrator):

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . .[2]

29 U.S.C. § 1132(c)(1)(B); see also id. § 1024(b)(4) (discussing the types of documents that a plan administrator is required to provide to participants and beneficiaries upon request).

Because ERISA "does not prescribe a limitations period for [Section 502(c)(1)] actions . . . . the applicable limitations period is 'that specified in the most nearly analogous state limitations statute.'" Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 78 (2d Cir. 2009) (quoting Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Emp. Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983)).

Brown made her last request for information in July 2014. Because Section 502(c)(1) required Backus as plan administrator to respond to the request within thirty days, Brown's claim accrued in August 2014. She filed her complaint in this lawsuit in October 2015. Consequently, Brown's claim is time-barred if (as the district court concluded) a one-year statute of limitations applies to her claim.

## A

Several Connecticut statutes of limitations might arguably be applied to Brown's claim. The question is which of them is "most analogous" to a claim under Section 502(c)(1). See Burke, 572 F.3d at 78. To that end, we consider some characteristic features of Section 502(c)(1) claims.

---

[2] The maximum statutory damage amount has been increased by regulation to $110 per day. See 29 C.F.R. § 2575.502c-1.

One such feature is that there is no common law right to receive ERISA documents; Section 502(c)(1) damages are creatures of statute. This point is significant because, as discussed below, the statute of limitations chosen by the district court has been applied to other statutorily-created causes of action.

Another important feature (disputed by the parties) is whether statutory damages under Section 502(c)(1) are punitive in nature (as opposed to remedial or compensatory). This Circuit has previously suggested that Section 502(c)(1) is punitive. Specifically, as set out in the margin, our cases have regularly described Section 502(c)(1) damages as "penalties" rather than compensation for injury.[3] It appears that we have never explicitly held that Section 502(c)(1) is punitive in nature (rather than remedial) for the purpose of ascertaining its statute of limitations. We do so now, for the following reasons.

There is no requirement that a plaintiff demonstrate actual damage in order to recover under Section 502(c)(1). See 29 U.S.C. §§ 1132(c)(1), 1024(b)(4); Tritt v. Automatic Data Processing, Inc. Long Term Disability Plan Adm'r, 2008 WL 2228841, at *6 (D. Conn. May 27, 2008) ("[P]laintiffs need not show any prejudice from an administrator's violation to be entitled to damages."). It would therefore be odd to say that this penalty provision "compensates" the plaintiff or gives a "remedy" for damages that need not be shown and need not exist.

Furthermore, an award of damages under Section 502(c)(1) is discretionary, see 29 U.S.C. § 1132(c)(1), and although a district court may consider "the existence of any prejudice to the participant or beneficiary" in

---

[3] See, e.g., Halo v. Yale Health Plan, 819 F.3d 42, 58 (2d Cir. 2016) (observing that "ERISA itself contains a number of detailed civil penalties provisions" and citing Section 502(c)); Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 90 (2d Cir. 2001) ("Plaintiffs also press on appeal their claim for penalties under ERISA § 502(c)(1)(B) . . . ."); Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 135 (2d Cir. 2001) ("By its terms, ERISA allows for civil penalties . . . ."); Demery v. Extebank Deferred Comp. Plan (B), 216 F.3d 283, 290 (2d Cir. 2000) (discussing the "district court's decision not to impose the penalties permitted by [Section 502(c)(1)]").

determining an award amount, it is one factor among many. McDonald v. Pension Plan of NYSA-ILA Pension Tr. Fund, 320 F.3d 151, 163 (2d Cir. 2003) (quoting Austin v. Ford, No. 95 Civ. 3730 (RWS), 1998 WL 88744, at *6 (S.D.N.Y. Mar. 2, 1998)). The amount of damages, if any, often depends on whether the administrator's delay resulted from bad faith, further suggesting that Section 502(c)(1) is meant to punish an administrator's failure to follow statutory duties. See id. We conclude that the statutory damages provision is punitive in nature.

That conclusion is shared by the executive agency charged with overseeing ERISA as well as most other Courts of Appeals. A Department of Labor regulation describes the recovery allowed by Section 502(c)(1) as a "civil monetary penalty." 29 C.F.R. § 2575.502c-1. Of the seven Courts of Appeals that have weighed in on the matter, six have concluded that Section 502(c)(1) is punitive rather than remedial. (The cases are set out in the margin.[4]) The Ninth

---

[4] See, e.g., Groves v. Modified Ret. Plan for Hourly Paid Employees of Johns Manville Corp. & Subsidiaries, 803 F.2d 109, 117 (3d Cir. 1986) ("[T]he threat of personal liability was imposed primarily because of the effect it would have on a plan administrator--inducing him to comply with the statute--and only secondarily, if at all, out of a desire to make participants whole for the 'damages' they incurred as a result of the [failure to timely mail Plan documents.]"); Davis v. Featherstone, 97 F.3d 734, 738 (4th Cir. 1996) ("The purpose of the penalty provision is to provide plan administrators with an incentive to meet requests for information in a timely fashion."); Bartling v. Fruehauf Corp., 29 F.3d 1062, 1068 (6th Cir. 1994) ("[T]he purpose of the statute was to induce administrators to timely provide participants with requested plan documents, and to penalize failures to do so."); Mondry v. Am. Family Mut. Ins. Co., 557 F.3d 781, 806 (7th Cir. 2009) ("[T]he purpose of [the Section 502(c)(1)] penalt[y] is to induce the plan administrator to comply with the statutory mandate rather than to compensate the plan participant for any injury she suffered as a result of non-compliance."); Iverson v. Ingersoll-Rand Co., 125 F. App'x 73, 77 (8th Cir. 2004) ("[Section 502(c)(1)] is of a penal rather than a compensatory nature."); Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1231-32 (11th Cir. 2002) ("The penalty under [Section 502(c)(1)] is meant to be in the nature of punitive damages, designed more for the purpose of punishing the violator than compensating the participant

Circuit appears to be the sole outlier. See Stone v. Travelers Corp., 58 F.3d 434, 438 (9th Cir. 1995).

Another distinctive feature of Section 502(c)(1) is that the statutorily-mandated disclosure, while important to the individual plan participant, is primarily a means to promote public objectives. The text of ERISA recites the Congressional finding that pension plans play a substantial role in the national economy and in the livelihood of employees and retirees, and the statute declares the Congressional policy to create a regulatory framework to protect pension plan participants. See 29 U.S.C. §§ 1001a, 1001b. Among the many mechanisms to achieve that end, ERISA imposes fiduciary duties on persons responsible for overseeing a plan, provides civil and criminal penalties for breach of those duties, mandates standards that pension plans must satisfy, and creates the Pension Benefit Guaranty Corporation. See generally 29 U.S.C. Ch. 18. The disclosure duty under Section 502(c)(1) is one of these ramified protections.[5] It is quite clear that the purpose of Section 502(c)(1) is primarily to advance the statutory goal of protecting plan participants generally, and only secondarily to compensate any harm to private plaintiffs that results from delayed disclosure.

**B**

The district court ruled that the Connecticut statute of limitations for "civil forfeiture" is the one most closely analogous to requests for statutory damages under Section 502(c)(1):

No suit for any forfeiture upon any penal statute shall be brought

---

or beneficiary.").

   [5] The House Report on the bill states, "the safeguarding effect of [ERISA's] fiduciary responsibility section will operate efficiently only if fiduciaries are aware that the details of their dealings will be open to inspection, and that individual participants and beneficiaries will be armed with enough information to enforce their own rights as well as the obligations owed by the fiduciary to the plan in general." H.R. Rep. No. 93-533, 1973 WL 12549 at *4649 (1974).

but within one year next after the commission of the offense. . . .

Conn. Gen. Stat. § 52-585.

As an initial matter, the fact that this statute speaks in terms of "penal statutes" does not mean that it applies only to forfeiture actions brought pursuant to a criminal statute. Connecticut deems a statute "penal" if it "impos[es] punishment for an offense against the state." United Banana Co. v. United Fruit Co., 172 F. Supp. 580, 584 (D. Conn. 1959) (quoting Plumb v. Griffin, 50 A. 1, 2 (Conn. 1901)). An "offense against the state" includes more than criminal statutes, and a statute can be "penal" even though it is enforced by private citizens. See Caldor's, Inc. v. Bedding Barn, Inc., 417 A.2d 343, 350 (Conn. 1979).

Several cases from Connecticut's highest court demonstrate that statutes similar to Section 502(c)(1) are considered "penal" and are subject to the statute of limitations for civil forfeiture.[6] For example, the civil forfeiture statute of limitations was applied to a claim brought under a statute that required the administrator of an estate to file an inventory in probate court within two months of being named. Atwood v. Lockwood, 57 A. 279, 280 (Conn. 1904). An administrator who failed to comply could be sued for damages of $20 per each month of delay. Id. Likewise, in Wells v. Cooper, the civil forfeiture statute of limitations was applied to a law that allowed anyone to sue a mortgagee in a foreclosure suit who failed to properly file a statutorily-required certificate; the penalty was $5 for every delinquent month. 17 A. 281, 281-82 (Conn. 1888).

These cases involve causes of action similar to claims for Section 502(c)(1) damages. In Atwood and Wells, for example, the plaintiff's cause of action was entirely created by statute; there was a stated amount of statutory damages; the statute did not require the plaintiff to demonstrate actual harm; and the causes of

---

[6] Though the caselaw is vintage, the statute of limitations remains vital: the Connecticut legislature amended the statute in 1991 and the Connecticut Supreme Court has analyzed that amendment. See Tritt, 2008 WL 2228841 at *6 n.10 (Droney, J.).

8

action were evidently created to advance a broader public goal. In <u>Atwood</u>, the private right of action ensured prompt filing of essential documents with the probate court; in <u>Wells</u>, the private right of action ensured prompt creation of important public records. In both cases, persons with important information were spurred to efficiently disseminate it. Section 502(c)(1) is therefore a close analogue.

## C

Since the issue on appeal is which Connecticut statute of limitations is *most* analogous to Section 502(c)(1), the next question is whether another statute of limitations may be a closer analogue than the civil forfeiture statute of limitations. Brown proposes two others: Connecticut's six-year statute of limitations for breach of contract, and the three-year statute of limitations for claims brought under CUTPA and CUIPA. Neither statute of limitations is as analogous as Conn. Gen. Stat. § 52-585.

It is easy to distinguish breach of contract claims from claims brought under Section 502(c)(1). A contract action is rooted in the common law rather than statute; a plaintiff must show personal harm; damages compensate for the actual harm; and the private recovery does not chiefly serve the broader public interest. <u>See</u> <u>Hees v. Burke Constr., Inc.</u>, 961 A.2d 373, 378 (Conn. 2009) ("[T]he law of contract damages limits the injured party to damages based on his actual loss caused by the breach." (quoting <u>Argentinis v. Gould</u>, 592 A.2d 378, 381 (Conn. 1991)).

CUTPA and CUIPA allow claims for unfair trade and insurance practices.[7] These statutes allow "[a]ny person *who suffers any ascertainable loss* of money or property" as a result of an unfair trade practice to "bring an action . . . to recover *actual damages*." Conn. Gen. Stat. § 42-110g(a) (emphasis added). These critical

---

[7] Technically, CUIPA does not provide a private right of action, only CUTPA does. However, the Connecticut Supreme Court allows plaintiffs to file CUIPA claims under CUTPA in certain circumstances. <u>See</u> <u>Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.</u>, 119 A.3d 1139, 1150-51 (Conn. 2015).

elements are not required in a claim under Section 502(c)(1). Another distinction is that plaintiffs can sue under CUTPA and CUIPA for claims that might otherwise be available in tort, or that are at least similar to common law torts. See Conn. Gen. Stat. § 38a-816 (listing offenses such as false advertising, defamation, and coercion as actionable, unfair insurance practices). By contrast, a Section 502(c)(1) claim is solely a creature of statute.

In sum, Connecticut civil forfeiture claims are more closely analogous to Section 502(c)(1) claims than are Brown's proposed alternatives. Consequently, the district court appropriately applied the one-year statute of limitations for civil forfeitures. Because Brown's claims were brought outside that one-year limitations period, they are time-barred and were appropriately dismissed.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.