**REVISED January 4, 2018**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30059

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

TODD M. BABIN,

Plaintiff-Appellant

v.

QUALITY ENERGY SERVICES, INCORPORATED

Defendant-Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana

Before KING, DENNIS, and COSTA, Circuit Judges.

KING, Circuit Judge:

Todd M. Babin worked for Quality Energy Services, Inc., until he became disabled in 2012. He applied for short-term disability benefits through Quality Energy's employee benefit plan. His application was denied in February 2013. In February 2014, he requested documents regarding both the short- and long-term disability plans, but he alleges that Quality Energy never sent those documents to him. Babin ultimately filed suit against Quality Energy and its disability insurer in October 2015, alleging claims under the Employee Retirement Income Security Act of 1974 for failure to pay benefits and failure to produce plan documents. The parties settled the failure-to-pay-benefits

No. 17-30059

claim, and Quality Energy moved for summary judgment on the failure-to-produce-documents claim. The district court concluded that Babin's claim was time-barred and granted summary judgment. On appeal, Babin argues that Louisiana's ten-year prescriptive period for personal actions should govern his claim for failure to produce documents under 29 U.S.C. § 1132(c). We conclude, however, that Louisiana's one-year period for delictual actions applies and that Babin's claim is time-barred. As a result, we AFFIRM.

## I.

Todd M. Babin, a resident of Louisiana, was an employee of Quality Energy Services, Inc. ("Quality Energy"), a Louisiana corporation. According to Babin's complaint, his job involved repetitive tasks that triggered carpal tunnel syndrome. Babin went through several surgeries to try to repair his injuries. He underwent a right carpal tunnel release in January 2011 and a left carpal tunnel release in December 2011. Babin returned to work shortly afterwards, in February 2012. Three months later, however, his employment with Quality Energy ended.

Babin participated in Quality Energy's employee benefit plan, which provided short- and long-term disability benefits. The parties agree that the plan was governed by the Employee Retirement Income Security Act ("ERISA") of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 26 and 29 U.S.C.). In June 2012, Babin's counsel requested, among other documents, a group disability application form, which Quality Energy provided. Babin then submitted a short-term disability benefits application to Standard Insurance Company ("Standard"), Quality Energy's disability insurer.

On February 25, 2013, Standard denied Babin's claim because it had not received a necessary form from Quality Energy. Babin alleges that he provided that form to Quality Energy, which failed to complete it. About one year later,

2

No. 17-30059

on February 5, 2014, Babin's counsel asked Quality Energy to provide copies of the short- and long-term disability plan documents. Babin claims that Quality Energy did not send him any plan documents before he filed this action.[1] According to Babin, when he applied for short-term disability benefits, he was under the impression that the short-term disability plan provided six months of benefits. Babin has since discovered that the short-term plan only provides three months of benefits. Had he known this earlier, he claims, he would have applied for long-term benefits. In Babin's view, Quality Energy's failure to produce the plan documents caused him to miss the window for applying for long-term benefits.

Babin filed this action against Quality Energy and Standard in the United States District Court for the Eastern District of Louisiana on October 12, 2015—over one year and eight months after requesting the plan documents. He alleged that Quality Energy and Standard had failed to pay benefits due under the plan, and that Quality Energy had failed to provide plan documents, in violation of 29 U.S.C. § 1132(c). The parties settled the denial-of-benefits claim. Quality Energy then moved for summary judgment on Babin's remaining claim, arguing that it was time-barred. The district court agreed. It held that Louisiana's one-year prescriptive period for delictual claims applies to § 1132(c) claims and that Babin's claim was time-barred.[2] The

---

[1] Babin's representations in his opening brief regarding whether Quality Energy has since provided him with plan documents are inconsistent. He first claims that Quality Energy has not produced any documents to date. Just three sentences later, however, he states that Quality Energy sent him the long-term disability plan documents after this suit was filed. Thus, it appears that Babin has received at least some of the plan documents from Quality Energy since filing this lawsuit. But it is not clear precisely when he received those documents or whether he received anything other than the long-term disability plan.

[2] In a subsequent order, the district court dismissed as within the scope of the settlement agreement a breach of fiduciary duty claim that Babin contended had not been settled. Babin is not appealing that dismissal.

No. 17-30059

court then entered final judgment in favor of Quality Energy, which Babin timely appealed.

## II.

This court "review[s] a grant of summary judgment de novo, applying the same standard as the district court." *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). A court must enter summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate where the undisputed facts demonstrate that a claim is time-barred. *See Ayers v. Davidson*, 285 F.2d 137, 139 (5th Cir. 1960); 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2734 (4th ed. 2016). The parties do not dispute that Babin requested documents on February 5, 2014, and began this lawsuit on October 12, 2015. Rather, the parties dispute which prescriptive period applies to Babin's claim and whether that period should be tolled. We hold that the one-year prescriptive period applies and decline to entertain Babin's tolling argument. As a result, summary judgment is appropriate because Babin's claim has prescribed even under his version of the facts. *Cf. Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 650 (5th Cir. 2001) (affirming grant of summary judgment where undisputed facts showed that statute of limitations had run).

## III.

### A.

ERISA requires a plan administrator to produce plan documents upon written request from a participant or beneficiary. *See* 29 U.S.C. § 1024(b)(4). It also imposes penalties on administrators who fail to produce the requested documents within 30 days, *see id.* § 1132(c), and authorizes participants and beneficiaries to sue administrators for their failure to comply, *id.* § 1132(a)(1)(A). Because ERISA does not provide a statute of limitations for

No. 17-30059

claims under § 1132(c), the court must "borrow the statute of limitations from the most closely analogous state law." *Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 506–07 (5th Cir. 2004) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983)).

Under Louisiana law,[3] the prescriptive period for "delictual" claims is one year, La. Civ. Code art. 3492, whereas the prescriptive period for contract claims is ten years, *see Hotard's Plumbing, Elec. Heating & Air, Inc. v. Monarch Homes, LLC*, 188 So. 3d 391, 394 (La. App. 2016) (citing La. Civ. Code art. 3499). Babin argues that the ten-year contractual period should apply, whereas Quality Energy contends (and the district court agreed) that the one-year delictual period is more appropriate. "The classical distinction between contractual and delictual damages is that the former flow from an obligation contractually assumed by the obligor, whereas the latter flow from a violation of general duty owed by all persons." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886 (5th Cir. 2002) (first citing *Davis v. Le Blanc*, 149 So. 2d 252, 254 (La. App. 1963); then citing *Kelly v. City of Leesville*, 897 F.2d 172, 177 (5th Cir. 1990)); *see also Delict*, Black's Law Dictionary (10th ed. 2014) ("A violation of the law; esp., a wrongful act or omission giving rise to a claim for compensation; TORT."). Even where there is a contract between the parties, however, Louisiana courts will still scrutinize the claims to determine if they are contractual or delictual. *See Terrebonne,* 310 F.3d at 887 & n.45 (collecting cases). Louisiana courts will treat an action as delictual unless a plaintiff alleges the violation of a specific contractual provision. *See Kroger Co. v. L.G. Barcus & Sons, Inc.*, 13 So. 3d 1232, 1235 (La. App. 2009); *Trinity Universal Ins. Co. v. Horton*, 756 So. 2d 637, 638 (La. App. 2000); *see also Richard v. Wal-*

---

[3] This case involves a Louisiana resident suing a Louisiana corporation in federal district court in Louisiana. Neither party argues that this court should borrow the statute of limitations of any state other than Louisiana.

No. 17-30059

*Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009) (citing *Horton*, 756 So. 2d at 638).

A case from this circuit is directly on point. In *Lopez*, the plaintiff argued that Texas's four-year statute of limitations for contract actions should apply to her § 1132(c) claim.[4] *See* 389 F.3d at 508. We rejected that argument. *See id.* at 509–10. In doing so, we noted that § 1132(c) provides for "statutory damages of between zero and one hundred dollars for each day in which notice is not provided, and 'other relief as [the court] deems proper.'" *Id.* at 509 (alteration in original) (quoting 29 U.S.C. § 1132(c)(1)). Because § 1132(c) provides for penalties rather than compensatory damages, it "cannot plausibly be characterized as an effort to redress the breach of any contractual obligation created by an employee benefit plan." *Id.* Moreover, § 1132 expressly distinguishes § 1132(c) claims from other ERISA claims by placing them in different subsections. *See id.*; *compare* 29 U.S.C. § 1132(a)(1)(A), *with* 29 U.S.C. § 1132(a)(1)(B). The subsection authorizing suits to enforce § 1132(c) does not mention the underlying benefit plan, whereas the subsection authorizing virtually all other ERISA actions specifically authorizes suits to recover benefits, enforce rights, or clarify rights "under the terms of the plan." *Lopez*, 389 F.3d at 509 (quoting 29 U.S.C. § 1132(a)(1)(B)). This court ultimately "borrowed" Texas's two-year statute of limitations for claims of unfair insurance practices. *See id.* at 510. That statute was especially

---

[4] *Lopez* concerned a violation of 29 U.S.C. § 1166(a)(1), which requires plan administrators to notify terminated employees of their right to continue coverage. *See* 389 F.3d at 508–09. However, § 1132(c) imposes liability and penalties for violations of § 1166, and § 1132(a)(1)(A) creates a cause of action for violations of § 1132(c). *See* 29 U.S.C. § 1132(c)(1)(A). Babin likewise sued under § 1132(a)(1)(A) and (c) for a failure to provide plan documents as required by § 1024(b)(4). *See id.* § 1132(c)(1)(B).

No. 17-30059

appropriate because it authorizes a plaintiff to bring a claim against an insurer for failure to make disclosures required by law.[5] *See id.*

Babin primarily argues that the ten-year period should apply because his claim is based on a contractual and fiduciary obligation. Binding Fifth Circuit precedent forecloses the conclusion that a § 1132(c) action is contractual. *See id.* at 509; *accord Brown v. Rawlings Fin. Servs., LLC*, 868 F.3d 126, 131 (2d Cir. 2017). However, *Lopez* does not foreclose concluding that a breach of fiduciary duty is the closest state analogue to a § 1132(c) claim. But analogizing § 1132(c) to a breach of fiduciary duty does not help Babin's case. Louisiana courts do not apply the ten-year statute of limitations to all breach of fiduciary duty claims. *See Young v. Adolph*, 821 So. 2d 101, 106 (La. App. 2002). Rather, a breach of fiduciary duty claim is contractual if it arises "from the breach of a special obligation between the parties" and delictual if it arises "from the violation of a general duty." *Omega Ctr. for Pain Mgmt., L.L.C. v. Omega Inst. of Health, Inc.*, 975 So. 2d 48, 51 (La. App. 2007). Accordingly, Louisiana courts treat a fiduciary's deliberate offenses (like fraud) as personal actions subject to the ten-year prescriptive period and simple negligence as a delictual offense subject to the one-year period. *Young*, 821 So. 2d at 106.

Babin's complaint makes clear that he is alleging a delictual claim rather than a contractual one. First, Babin does not allege that Quality Energy violated any specific contractual provision; rather, he alleges that it violated a statutory duty to provide him with plan documents.[6] Thus, the "breach" arises

---

[5] In an unpublished case decided before *Lopez*, we affirmed the district court's use of Texas's two-year statute of limitations for breaches of fiduciary duty. *Hatteberg v. Red Adair Co. Emps.' Profit Sharing Plan*, 79 F. App'x 709, 715 (5th Cir. 2003). In doing so, the court noted that although two different limitations periods might apply to an action for breach of fiduciary duty under Texas law, this court had adopted the two-year tort period. *See id.* at 715 n.1.

[6] At oral argument, Babin's counsel observed that under 29 C.F.R. § 2560.503-1(h)(2)(iii), the "claims procedures" of a plan must "[p]rovide that a claimant shall be

from a general statutory duty, rather than a specific provision in the parties' contract. *See Kroger*, 13 So. 3d at 1235; *Horton*, 756 So. 2d at 638. Second, Babin does not allege any intentional misconduct. Babin instead insists that a "refusal" to produce documents cannot be characterized as "mere negligence" and that further proceedings would have produced unspecified evidence of malice and intent on Quality Energy's part.[7] Yet his complaint makes no allegations of malice or intent, let alone allegations sufficient to comply with federal pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2009) (citing Fed. R. Civ. P. 8, 9(b)). Nor was he required to make such allegations in order to state a claim under § 1132(c). *See* 11 U.S.C. § 1132(c); *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, 263 F.3d 196, 204 n.11 (2d Cir. 2001) (collecting cases); *Davis v. Featherstone*, 97 F.3d 734, 738 (4th Cir. 1996); *Sage v. Automation, Inc. Pension Plan & Tr.*, 845 F.2d 885, 894 n.4 (10th Cir. 1988); *Kleinhans v. Lisle Sav. Profit Sharing Tr.*, 810 F.2d 618, 622 (7th Cir. 1987). Even to the extent that a § 1132(c) claim resembles a breach of fiduciary duty claim, the one-year prescriptive period for delictual actions would apply because a § 1132(c) claim does not require deliberate misconduct.[8]

---

provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." This regulation does not transform a § 1132(c) claim into a contractual one because the right to recovery stems not from the plan's terms but from § 1132(c). Thus, Babin sued for a violation of § 1132(c), rather than a violation of any provision mandated by 29 C.F.R. § 2560.503-1(h)(2)(iii).

[7] Babin's bare assertion—first made in his appellate brief and never presented to the district court—is insufficient to comply with his obligation at summary judgment to "come forward with *specific facts* indicating a genuine issue for trial." *Vela*, 276 F.3d at 666 (emphasis added) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

[8] The district court concluded that a § 1132(c) claim is not analogous to a breach of fiduciary duty claim. It reasoned that § 1113 provides a statute of limitations for breach of fiduciary duty claims under ERISA and would apply if a § 1132(c) claim were analogous to a breach of fiduciary duty. However, § 1113 only provides remedies for certain types of breaches of fiduciary duty. By its own terms, § 1113 is limited to claims arising from 29 U.S.C. §§ 1101–14. *See* 29 U.S.C. § 1113; *see also id.* § 1109(a) (imposing liability); *id.* § 1132(a)(2)

No. 17-30059

In sum, a § 1132(c) claim alleges the breach of a general statutory duty, rather than a specific contractual provision, and it does not require deliberate misconduct on the part of the plan administrator. Therefore, a § 1132(c) claim better resembles a delictual claim subject to a one-year prescriptive period under Louisiana law than a personal action subject to a ten-year prescriptive period. Accordingly, Babin's § 1132(c) claim prescribed one year after it accrued.

## B.

Babin also argues that the prescriptive period for a § 1132(c) claim should be tolled while a claim for benefits is pending. However, Babin never presented this tolling argument to the district court. Rather, his sole argument below was that a ten-year prescriptive period applied to his § 1132(c) claim. As a result, we decline to consider Babin's tolling argument. *See In re Deepwater Horizon*, 814 F.3d 748, 752 (5th Cir. 2016) (per curiam).

## C.

Because we decline to consider any argument for tolling Babin's § 1132(c) claim, the claim expired one year and 30 days after he requested the plan documents on February 5, 2014. *Cf.* 29 U.S.C. § 1132(c)(1)(B) (providing that

---

(authorizing civil actions for relief under § 1109). Section 1109(a) only imposes liability for specific types of harms—i.e., fiduciary breaches that impair plan assets (for a defined-benefit plan) or individual-account assets (for a defined-contribution plan). *See LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 255–56 (2008). It "does not provide a remedy for individual injuries distinct from plan injuries." *Id.* at 256. It does not follow, then, that a § 1132(c) claim cannot be analogized to a claim for breach of fiduciary duty simply because § 1113 does not apply to it. Moreover, in determining the limitations period, our duty is to determine the "*most* analogous" state-law claim, even if the fit is imperfect. *Brown*, 868 F.3d at 131; *see Lopez*, 389 F.3d at 506–07; *cf. DelCostello*, 462 U.S. at 171 ("We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. On the contrary, as the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods." (citation omitted) (citing *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 61 n.3 (1981))).

plan administrator must comply with request for information within 30 days); *Brown*, 868 F.3d at 128 (holding that plaintiff's claim accrued following expiration of 30-day deadline for administrator's response). Babin filed this lawsuit on October 12, 2015—over one year and eight months after requesting the plan documents. Consequently, his § 1132(c) claim is time-barred, and Quality Energy is entitled to summary judgment. *See Tex. Soil Recycling*, 273 F.3d at 650; *Ayers*, 285 F.2d at 139; 10B Wright et al., *supra*, § 2734.

## IV.

For the foregoing reasons, we AFFIRM.